## ZOPPI v CHRYSLER CORPORATION

Docket No. 142058. Submitted February 3, 1994, at Detroit. Decided July 6, 1994, at 9:00 A.M.

Richard Zoppi brought an action in the Wayne Circuit Court against Chrysler Corporation, alleging reverse age discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, after the defendant denied the plaintiff's application for early retirement under its selective special early retirement program. The program required, in part, that an applicant be fifty-five years or older. The plaintiff was forty-nine years old. The court, Kaye Tertzag, J., granted the defendant's motion for summary disposition. The plaintiff appealed.

The Court of Appeals *held:*

The plaintiff cannot establish an age discrimination case where the defendant denied him special early retirement because he was too young. The Civil Rights Act is intended to deter discrimination against older workers who still are capable. The plaintiff is not a member of a protected class under the act. The defendant's early retirement program is valid as a bona fide retirement policy under MCL 37.2202(2); MSA 3.548(202)(2) because it exists and pays benefits.

Affirmed.

1. CIVIL RIGHTS — CIVIL RIGHTS ACT — AGE DISCRIMINATION — PRIMA FACIE CASE.

    A plaintiff must establish membership in a protected class and subjection to adverse employment action because of age to establish a prima facie case of age discrimination (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

2. CIVIL RIGHTS — CIVIL RIGHTS ACT — AGE DISCRIMINATION.

    The Civil Rights Act was conceived to deter discrimination

REFERENCES

Am Jur 2d, Civil Rights §§ 229, 237, 238.

Application of state law to age discrimination in employment. 96 ALR3d 195.

"Bona fide employee benefit plan" exception to general prohibition of age discrimination in employment (29 USCS sec. 623 (f) (2)). 70 ALR Fed 110.

against older workers who still are capable (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

3. CIVIL RIGHTS — CIVIL RIGHTS ACT — AGE DISCRIMINATION.

The determination whether a plaintiff is a member of a protected class for age discrimination claims is not based on the age of the plaintiff per se; also to be considered is the age of the person or persons who benefit from a defendant's discriminatory actions (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

4. CIVIL RIGHTS — CIVIL RIGHTS ACT — BONA FIDE RETIREMENT POLICIES.

A retirement policy that exists and pays benefits is bona fide and therefore exempt from the provisions of the Civil Rights Act (MCL 37.2202[2]; MSA 3.548[202][2]).

*James Schuster,* for the plaintiff.

*Gregory S. Muzingo* and *Kim R. Kolb,* and *Patterson, Phifer & Phillips* (by *Randolph D. Phifer*), for the defendant.

Before: WAHLS, P.J., and REILLY and R. M. DANIELS,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting defendant's motion for summary disposition of his age discrimination claim. We affirm.

Plaintiff's claim arose from defendant's denial of his application for early retirement under its "selective special early retirement program" that was offered for a limited time. In order to qualify for the program, an employee was required (1) to have been on the active payroll on or after August 1, 1987; (2) to be age fifty-five or older; (3) to be a participant in the pension plan; (4) to be selected by management to participate; and (5) to voluntarily agree to participate. Plaintiff did not qualify because he was forty-nine years old. Consequently,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he filed an age discrimination claim pursuant to the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, alleging that defendant discriminated against him by refusing his application on the basis of his age. The trial court granted defendant's motion pursuant to MCR 2.116(C)(10), finding that the plan was a "bona fide retirement plan" and therefore exempt from the act.

The relevant provision of the Civil Rights Act regarding employment, MCL 37.2202; MSA 3.548(202), provided in part at the time of this action:

> (1) An employer shall not:
> (a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . age . . . .
> (b) Limit, segregate, or classify an employee or applicant for employment in a way which deprives or tends to deprive the employee or applicant of an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of . . . age . . . .[1]

Notwithstanding the above prohibition, subsection 2 of § 202 exempted bona fide retirement policies:

> This section shall not be construed to prohibit the establishment or implementation of a bona fide retirement policy or systém that is not a subterfuge to evade the purpose of this section.

This case presents a unique situation: plaintiff is claiming defendant discriminated against him on the basis of age because he was too young to

---

[1] The act was amended in 1991. 1991 PA 11. The amendment restructured the language of subsection 1(a) to clarify that failure or refusal to discharge an employee is not actionable.

qualify for defendant's early retirement program, or essentially a reverse age discrimination claim. However, as we shall discuss, we hold that the Civil Rights Act does not protect plaintiff in this situation.

To establish a prima facie case of age discrimination, a plaintiff must establish that he was a member of a protected class and that he was subjected to adverse employment action because of his age. *Barnell v Taubman Co, Inc,* 203 Mich App 110, 120-121; 512 NW2d 13 (1993); *Featherly v Teledyne Industries, Inc,* 194 Mich App 352; 486 NW2d 361 (1992). Obviously, whether a person is a member of a protected class for racial, sexual, or religious discrimination is easily identified by a person's race, sex, or religion. However, whether a plaintiff is a member of the protected class for age discrimination is not so easily identified because the determination is not based on the age of the plaintiff per se; also to be considered is the age of the person or people who benefit from a defendant's discriminatory actions.

In this case, plaintiff has not been denied a benefit by reason of advanced age, but, rather, because he was too young to qualify. The Civil Rights Act was conceived to deter discrimination against older workers who still are capable. *Klammer v Dep't of Transportation,* 141 Mich App 253, 259; 367 NW2d 78 (1985). Therefore, we believe that plaintiff is not a member of the protected class in a reverse age discrimination case under the Civil Rights Act in light of its intended purpose.[2]

We further find support for our position in two

---

[2] Plaintiff's reliance on two cases to support his argument that he falls within the protected class is misplaced. In *Ewers v Stroh Brewery Co,* 178 Mich App 371; 443 NW2d 504 (1989), a forty-year-old employee was among eighty-seven employees discharged because of a reorganization and reduction in the work force. This Court held that

federal cases involving similar claims under the federal Age Discrimination in Employment Act (ADEA), 29 USC 621 *et seq. Hamilton v Caterpillar Inc,* 966 F2d 1226 (CA 7, 1992), and *Wehrly v American Motors Sales Corp,* 678 F Supp 1366 (ND Ind, 1988). In rejecting the plaintiff's reverse age discrimination claim, the Seventh Circuit Court astutely observed:

> There is no evidence in the legislative history that Congress had any concern for the plight of workers arbitrarily denied opportunities and benefits because they are too *young.* Age discrimination is thus somewhat like handicap discrimination: Congress was concerned that older people were being cast aside on the basis of inaccurate stereotypes about their abilities. The young, like the non-handicapped, cannot argue that they are similarly victimized. [*Hamilton, supra,* p 1228.]

Accordingly, this Court holds that plaintiff cannot establish an age discrimination case where his employer denied him special early retirement because he was too young.

Assuming arguendo that plaintiff could establish a case of age discrimination, we also find that defendant's early retirement program was valid as a bona fide retirement policy under MCL 37.2202(2); MSA 3.548(202)(2). To date, only one decision has discussed this exemption. In *Klammer, supra,* this Court upheld the mandatory retirement age for state employees against an age discrimination claim under the Civil Rights Act. Although the central issue was "whether the pas-

summary disposition was precluded where the plaintiff showed that his position was filled by younger workers with less experience. The plaintiff fell within the protected class not merely on the basis of his age, but also because he was replaced by younger workers. *Cheeseman v American Multi-Cinema, Inc,* 108 Mich App 428; 310 NW2d 408 (1981), involved a claim brought by minors, who were denied admission into a movie theatre, under the public accommodation section of the Civil Rights Act, MCL 37.2302; MSA 3.548(302).

sage of Elliott-Larsen in 1977 impliedly repealed the compulsory retirement provision of MCL 38.19(3); MSA 3.981(19)(3)," *id.,* p 258, this Court noted the exemption and asserted:

> Generally, retirement under a plan which is not a subterfuge, is applied uniformly and is funded, is not considered discrimination and is socially beneficial. . . .
>
> \* \* \*
>
> . . . The language of Elliott-Larsen, however, clearly excepts retirement policies and systems which apply uniformly and contain provisions for pension or other economic systems to protect the worker economically on retirement. [*Id.,* p 259.]

Admittedly, defendant's plan is not applied uniformly because workers must be invited to participate and, thus, people of the same age group are treated dissimilarly. However, we are not bound by the above definition because whether the mandatory retirement policy was bona fide was not an issue in *Klammer,* and therefore the statements were dicta. Because we believe the definition is overly restrictive, we decline to follow it.

Instead, we are persuaded to utilize the definition articulated by the United States Supreme Court regarding the ADEA's "bona fide" retirement policy exemption, 29 USC 623(f)(2). A retirement policy is bona fide if it "exists and pays benefits." *Public Employees Retirement System of Ohio v Betts,* 492 US 158, 166; 109 S Ct 2854; 106 L Ed 2d 134 (1989); *United Air Lines, Inc v McMann,* 434 US 192, 194; 98 S Ct 444; 54 L Ed 2d 402 (1977). Because it is undisputed that defendant's policy exists and pays benefits, it is exempted under MCL 37.2202(2); MSA 3.548(202)(2). Accordingly, the trial court did not err in granting summary disposition in favor of defendant.

Affirmed.