## LAITINEN v CITY OF SAGINAW

Docket No. 162290. Submitted May 2, 1995, at Detroit. Decided June
16, 1995; approved for publication August 29, 1995, at 9:30 A.M.

Bruce M. Laitinen brought an action in the Saginaw Circuit
Court against the City of Saginaw, alleging reverse discrimina-
tion in employment as a result of the defendant's hiring a
black applicant who had a lower composite interview score
than the plaintiff, a white applicant with the second highest
score. The court, Leopold P. Borrello, J., dismissed the action,
finding that the plaintiff lacked standing to bring the action
because, even if the black candidate had not been selected for
the job, the job would have been awarded to the applicant with
the highest score, a white, and therefore the plaintiff could not
demonstrate an injury. The plaintiff appealed.

The Court of Appeals *held:*

1. A claim of unlawful discrimination may be based on the
loss of equal employment opportunity as well as loss of employ-
ment.

2. Proof that another job applicant, one more qualified than
the plaintiff and also discriminated against, would have been
selected for the job but for the alleged discrimination merely
provides a defense to certain types of remedies. It does not
necessarily establish a lack of standing or a lack of any right of
recovery whatsoever, nor does it necessarily defeat the plain-
tiff's ability to establish a prima facie case of discrimination.

3. It was inappropriate for the trial court to determine that
the undisputed facts establish that the job would have gone to
the highest scoring applicant, without providing the plaintiff a
reasonable opportunity to present his views regarding the
subject.

Reversed and remanded.

Civil Rights — Employment Discrimination — Equal Employment
Opportunities — Loss of Employment — Standing.

A claim of unlawful discrimination in employment may be based

References
Am Jur 2d, Civil Rights § 261.
See ALR Index under Equal Employment Opportunity.

upon loss of equal employment opportunity as well as loss of employment; proof that another job applicant, one more qualified than the plaintiff and also discriminated against, would have been selected for the job but for the alleged discrimination merely provides a defense to certain types of remedies and does not necessarily establish a lack of standing or a lack of any right of recovery whatsoever or defeat the plaintiff's ability to establish a prima facie case of discrimination.

*Professional Law Offices of Frank & Forster* (by Michael J. Forster), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by Marcia L. Howe), for the defendant.

Before: CONNOR, P.J., and CAVANAGH and G. C. STEEH, III,* JJ.

PER CURIAM. Plaintiff appeals as of right an order dismissing this case alleging reverse discrimination in employment under the United States and Michigan Constitutions and the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, for lack of standing. We reverse and remand.

In 1986, plaintiff applied for a job as a plant maintenance supervisor at one of defendant's wastewater treatment plants that was available because of a resignation. He was one of nine job candidates who successfully completed the initial screening and interview process, and he had received the second highest composite interview score in the group. The list of nine eligible candidates was next reviewed by defendant's affirmative action officer and defendant's public utility department head for their respective recommendations. The affirmative action officer recommended Patrick McGovern, who was the only black job candidate on the list. The department head recommended the job candidate with the highest compos-

* Circuit judge, sitting on the Court of Appeals by assignment.

ite interview score, Paul Rodenbeck, who is white, as is plaintiff. Alternatively, the department head recommended McGovern as his second choice. The ultimate hiring decision was made by the acting city manager. Consistent with the city's usual practice of appointing candidates who have been recommended, the acting city manager chose McGovern for the job.

Following a three-day evidentiary hearing regarding the lawfulness of the city's 1986 affirmative action plan, which plan had not been approved by the Civil Rights Commission, the trial court ultimately concluded that it was unnecessary to resolve that issue because plaintiff lacked standing to bring suit in any event. Specifically, the trial court reasoned that even if a minority candidate had not been selected for the job, the job would have been awarded to the highest scoring candidate, Paul Rodenbeck, not plaintiff; therefore, plaintiff has no standing "since he can demonstrate no injury to him traceable to the defendant even if that conduct was unlawful." We disagree.

A claim of unlawful discrimination may be based upon loss of equal employment opportunity as well as loss of employment. Here, for example, plaintiff might establish that he was personally deprived of equal employment opportunity to the extent that minority job candidates were accorded preferential treatment in the selection process by virtue of the affirmative action officer's recommendation authority. Proof that another job applicant, one that was more qualified than the plaintiff and also was discriminated against, would have been selected for the job but for the alleged discrimination merely provides a defense to certain types of remedies, such as job instatement or back pay. It does not necessarily establish a lack of standing or a lack of any right of recovery whatsoever, nor

does it necessarily defeat plaintiff's ability to establish a prima facie case of discrimination. See, e.g., *Morris v Rice,* 985 F2d 143, 144 (CA 4, 1993); *Nanty v Barrows Co,* 660 F2d 1327, 1333-1334 (CA 9, 1981). If the job would have gone to Rodenbeck in any event, plaintiff's entitlement to economic damages would be adversely affected. However, plaintiff might still have a claim for noneconomic damages that he may have suffered, such as mental or emotional distress. Defendant's determination to offer the position to a less qualified candidate because of his race not only foreclosed plaintiff's opportunity to be considered for the available job opening, it also established a precedent that did not bode well for advancement in the future.

We also believe it was inappropriate for the trial court to determine that the undisputed facts establish that the job would have gone to Rodenbeck anyway, without first affording plaintiff a reasonable opportunity to present his views regarding that subject. We do not preclude the resolution of this issue by summary disposition on remand, upon a proper motion and hearing addressed to that matter, but simply note that the hearing that preceded the ruling at issue in this appeal was devoted to the question of the lawfulness of defendant's 1986 affirmative action plan, and thus did not provide plaintiff with an adequate opportunity to respond to the assertion that Paul Rodenbeck would have been hired for the job but for the alleged discrimination. We express no opinion regarding the lawfulness of defendant's 1986 affirmative action plan, because that matter has yet to be addressed by the trial court.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.