612 N.W.2d 858 (1999)
237 Mich. App. 801
Kimberly A. ZANNI,
v.
MEDAPHIS PHYSICIAN SERVICES CORPORATION and Leslie Fleming
Docket No. 206245.
Court of Appeals of Michigan.
Released August 10, 1999, at 9:15 a.m.
Vacated August 23, 1999.
Released for Publication November 19, 1999.
Before DOCTOROFF, P.J., and SMOLENSKI and WHITBECK, JJ.

ORDER
Zanni v. Medaphis Physician Services Corporation, Docket No. 206245. The Court orders that a special panel shall be convened pursuant to MCR 7.215(H) to resolve the conflict between this case and Zoppi v. Chrysler Corp., 206 Mich.App. 172, 520 N.W.2d 378 (1994).
The Court further orders that the opinion in this case released August 10, 1999, is hereby vacated.
The appellant may file a supplemental brief within 28 days of the clerk's certification of this order. Appellees may file a supplemental brief within 21 days of service of appellant's brief. Nine copies must be filed with the Clerk of the Court.
PER CURIAM.
Plaintiff appeals as of right from an order granting summary disposition pursuant to MCR 2.116(C)(8) in favor of defendants. The order dismissed plaintiff's claim of reverse age discrimination brought under the Civil Rights Act, M.C.L. § 37.2101 et seq.; MSA 3.548(101) et seq. We affirm the trial court's order under the rule of law expressed in Zoppi v. Chrysler Corp., 206 Mich.App. 172, 520 N.W.2d 378 (1994), because we are required to do so pursuant to MCR 7.215(H)(1). But for our obligation to follow the rule of law as expressed in Zoppi, we would reverse the trial court's order dismissing plaintiff's cause of action for the reasons set forth below.
We review a trial court's order regarding a motion for summary disposition under MCR 2.116(C)(8) de novo "to determine if the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery." Smith v. *859 Kowalski, 223 Mich.App. 610, 612-613, 567 N.W.2d 463 (1997). Plaintiff's complaint contained the following allegations. Defendant Medaphis Physician Services Corporation hired plaintiff in 1985, later promoted her to the position of account executive, and then terminated her employment in 1996 because she lost two accounts and had "violated her employee plan." A less qualified, older female replaced plaintiff on or about the same day her employment was terminated. Before her employment was terminated, plaintiff's supervisor told plaintiff that her "voice sounded too young on the phone and that the clients wanted an older account executive." Plaintiff also alleged that older account representatives who previously lost two or more accounts did not have their employment terminated for their actions and that she was treated differently from older employees because of her age rather than the quality of her work, in violation of the Civil Rights Act. Plaintiff was thirtyone years old when she filed the complaint in the present case. In short, plaintiff claims that defendants discriminated against her because she was too young.
To establish a prima facie case of age discrimination, plaintiff must establish that she was a member of a protected class and that she was subjected to adverse employment action because of her age. Zoppi, supra at 175, 520 N.W.2d 378. In affirming the trial court's order dismissing plaintiff's cause of action, we rely on this Court's opinion in Zoppi, which held that a plaintiff cannot establish an age discrimination case where the employer denied him a special early retirement because he was too young. Id. at 176, 520 N.W.2d 378. In Zoppi, the plaintiff's employer established an early retirement program for certain employees aged fifty-five or older. Id. at 173, 520 N.W.2d 378. The plaintiff did not qualify for the program and he subsequently filed a reverse age discrimination claim under the Civil Rights Act. Id. at 174-175, 520 N.W.2d 378. The trial court granted the defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) on the ground that the retirement plan was exempt from the Civil Rights Act pursuant to subsection 202(2) of the act, M.C.L. § 37.2202(2); MSA 3.548(202)(2), which contains an exemption from the general prohibition against age discrimination for bona fide retirement policies. Zoppi, supra at 174, 520 N.W.2d 378.
This Court affirmed, holding that the Civil Rights Act "does not protect plaintiff in this situation." Id. at 175, 520 N.W.2d 378. This Court further explained:
Obviously, whether a person is a member of a protected class for racial, sexual, or religious discrimination is easily identified by a person's race, sex, or religion. However, whether a plaintiff is a member of the protected class for age discrimination is not so easily identified because the determination is not based on the age of the plaintiff per se; also to be considered is the age of the person or people who benefit from a defendant's discriminatory actions.
In this case, plaintiff has not been denied a benefit by reason of advanced age, but, rather, because he was too young to qualify. The Civil Rights Act was conceived to deter discrimination against older workers who still are capable. Klammer v. Dep't of Transportation, 141 Mich.App. 253, 259, 367 N.W.2d 78 (1985). Therefore, we believe that plaintiff is not a member of the protected class in a reverse age discrimination case under the Civil Rights Act in light of its intended purpose.
We further find support for our position in two federal cases involving similar claims under the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621 et seq. Hamilton v. Caterpillar Inc., 966 F.2d 1226 (C.A.7, 1992), and Wehrly v. American Motors Sales Corp., 678 F.Supp. 1366 (N.D.Ind., 1988). In rejecting the plaintiff's *860 reverse age discrimination claim, the Seventh Circuit Court astutely observed:
"There is no evidence in the legislative history that Congress had any concern for the plight of workers arbitrarily denied opportunities and benefits because they are too young. Age discrimination is thus somewhat like handicap discrimination: Congress was concerned that older people were being cast aside on the basis of inaccurate stereotypes about their abilities. The young, like the non-handicapped, cannot argue that they are similarly victimized." [Hamilton, supra, p. 1228.]
Accordingly, this Court holds that plaintiff cannot establish an age discrimination case where his employer denied him special early retirement because he was too young.
Assuming arguendo that plaintiff could establish a case of age discrimination, we also find that defendant's early retirement program was valid as a bona fide retirement policy under M.C.L. § 37.2202(2); MSA 3.548(202)(2). [Zoppi, supra at 175-176, 520 N.W.2d 378.]
Consistent with Zoppi, we must conclude that plaintiff in this case "is not a member of the protected class in a reverse age discrimination case under the Civil Rights Act in light of its intended purpose." Id. at 175, 520 N.W.2d 378. Accordingly, because plaintiff's claim of reverse age discrimination is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery, the trial court did not err in granting summary disposition of plaintiff's claim.
However, we disagree with the pertinent holding in Zoppi, which flatly bars "reverse" age employment discrimination claims based on alleged discrimination against a person for being perceived as too young,[1] and would reverse the trial court's decision in the present case if we were not bound by MCR 7.215(H)(1) to follow the rule of law expressed in Zoppi. This Court has recognized reverse discrimination cases under the Civil Rights Act for both race and sex discrimination. See Allen v. Comprehensive Health Services, 222 Mich.App. 426, 564 N.W.2d 914 (1997); Laitinen v. Saginaw, 213 Mich.App. 130, 539 N.W.2d 515 (1995). Similarly, we believe that the act allows for a cause of action for reverse age discrimination.
When interpreting a statute, this Court should ascertain and effectuate the intent of the Legislature, looking first to the specific language of the statute. Folands Jewelry Brokers, Inc. v. City of Warren, 210 Mich.App. 304, 307, 532 N.W.2d 920 (1995). "If the language used is clear, then the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written." Nation v. W.D.E. Electric Co., 454 Mich. 489, 494, 563 N.W.2d 233 (1997). Because the Civil Rights Act is remedial legislation, it must be liberally construed to effectuate its ends. Reed v. Michigan Metro Girl Scout Council, 201 Mich.App. 10, 15, 506 N.W.2d 231 (1993).
We believe that Zoppi was, in pertinent part, wrongly decided because the Court ascertained the Legislature's intent by analogizing the Civil Rights Act to the federal ADEA. However, the ADEA is substantively different from the Civil Rights Act in defining those individuals protected from age discrimination. The relevant section of the Civil Rights Act provides that an employer shall not discriminate "against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of ... age...." M.C.L. § 37.2202(1)(a); MSA 3.548(202)(1)(a). On the contrary, the ADEA limits the prohibitions against age discrimination "to individuals who are at least 40 years of age." *861 29 U.S.C. 631(a). Because the plain language of the Civil Rights Act does not limit age discrimination claims to workers over a specified age, we believe that the Legislature expressed an intent to prohibit employers from engaging in discriminatory practices against workers considered "too young" as well as workers considered "too old." See, e.g., Bergen Commercial Bank v. Sisler, 157 N.J. 188, 723 A.2d 944 (1999), which held that a twenty-five-year-old plaintiff could maintain a reverse age discrimination claim under the provisions of the New Jersey Law Against Discrimination, N.J. Stat. Ann. 10:5 4 and 10:5 12(a) which, similar to the provisions of our Civil Rights Act, do not limit the statutory prohibition against age discrimination to individuals older than a specified age.[2]
Our conclusion that Zoppi was, in pertinent part, wrongly decided is further reinforced by the applicable definition of age in the Civil Rights Act. M.C.L. § 37.2103(a); MSA 3.548(103)(a) defines "age" as used in the Civil Rights Act to mean "chronological age except as otherwise provided by law." No other statutory definition of age is provided with regard to the general command of M.C.L. § 37.2202(1)(a); MSA 3.548(202)(1)(a) that an employer shall not discriminate against an individual because of age. Thus, age in the context of this case means a person's chronological age. If an employer disfavors an employee because the employer perceives the employee as being too young, the employer has plainly disfavored that employee on the basis of the employee's chronological age just as much as if the employer disfavored the employee for being perceived as being too old. Thus, a proper understanding of the clear language of the applicable statutory definition of age would require a conclusion that the general prohibition of M.C.L. § 37.2202(1)(a); MSA 3.548(202)(1)(a) against age discrimination encompasses discrimination against an individual because an employer perceives that person as being too young. Nation, supra at 494, 563 N.W.2d 233.
In addition, we note that the Zoppi Court relied on a statement in Klammer, supra at 259, 367 N.W.2d 78, that the Civil Rights Act "was conceived to deter discrimination against older workers who are still capable." While this statement of legislative intent may apply to the ADEA, which expressly limits its prohibition against discrimination to workers over forty years of age, we do not believe that this statement accurately describes our Legislature's intent as set forth in subsection 202(1)(a) of the Civil Rights Act, which simply prohibits discrimination "because of... age ...."
Accordingly, but for MCR 7.215(H)(1), we would reverse the decision of the trial court in this case.
Affirmed.
NOTES
[1] The alternative holding in Zoppi regarding bona fide retirement policies under M.C.L. § 37.2202(2); MSA 3.548(202)(2) is not implicated in this case, and we express no view regarding the soundness of that alternative holding.
[2] N.J. Stat. Ann. 10:5 4 provided that "`[a]ll persons shall have the opportunity to obtain employment ... without discrimination because of ... age ....'" Sisler, supra at 199, 723 A.2d 944.

N.J. Stat. Ann. 10:5 12(a) provided:
"It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination ... [f]or an employer, because of the ... age ... of any individual... to refuse to hire or employ or to bar or to discharge or require to retire ... from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment ...." [Sisler, supra at 199-200, 723 A.2d 944.]