ZANNI v MEDAPHIS PHYSICIAN SERVICES CORPORATION

Docket No. 206245. Submitted December 6, 1999, at Lansing. Decided April 11, 2000, at 9:05 A.M. Leave to appeal denied, 463 Mich __.

Kimberly A. Zanni brought an action in the Macomb Circuit Court against Medaphis Physician Services Corporation and Leslie Fleming, alleging age discrimination in violation of the Civil Rights Act (CRA), MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* The plaintiff alleged that her employment had been terminated because she was too young and that older employees with similar job performances had not been terminated. The trial court, George E. Montgomery, J., granted summary disposition for the defendants. The plaintiff appealed. The Court of Appeals, DOCTOROFF, P.J., and SMOLENSKI and WHITBECK, JJ., affirmed the decision of the trial court, stating that it was constrained by MCR 7.215(H)(1) to follow *Zoppi v Chrysler Corp*, 206 Mich App 172 (1994), which held that an action for job discrimination did not exist under the CRA where the basis for the alleged discrimination was that the plaintiff was too young, and that it would have reversed the decision of the trial court had it not been constrained to follow the holding in *Zoppi*. 237 Mich App 801 (1999). The Court of Appeals, following a poll of its judges, vacated the opinion in this case and convened a special panel to resolve the conflict that would have been created between the panels in *Zoppi* and this case but for the provisions of MCR 7.215(H)(1). 237 Mich App 801 (1999).

After consideration by the conflict resolution panel, the Court of Appeals *held*:

1. Subsection 202(1)(a) of the CRA, MCL 37.2202(1)(a); MSA 3.548(202)(1)(a), provides that an employer shall not discriminate against an individual with respect to employment because of age. Subsection 103(1)(a) of the CRA, MCL 37.2103(1)(a); MSA 3.548(103)(1)(a), defines "age" as "chronological age except as otherwise provided by law." The CRA does not limit the concept of chronological age to a particular age group or in any way suggest that it was intended to be other than a general prohibition against discrimination on the basis of age, be it because one is perceived to be too old or is perceived to be too young. Holding that the CRA age discrimination prohibition is equally applicable to discrimination on the basis of youth as it is with discrimination on the basis

of advancing age is consistent with the purpose of the CRA, which seeks to eliminate the effects of offensive or demeaning stereotypes, prejudices, and biases. Accordingly, the panel in *Zoppi v Chrysler* erred in concluding that the CRA age discrimination prohibition was not applicable to claims based on an allegation of discrimination on the basis of one's youth.

2. Because of the clear and unambiguous language of the statute and of the clear indication of legislative intent behind the statute, the decision of this resolution panel cannot be said to be unexpected or indefensible. Accordingly, the decision in this matter must be given full retroactive effect.

Reversed.

CIVIL RIGHTS — CIVIL RIGHTS ACT — AGE DISCRIMINATION.

The Civil Rights Act was conceived to deter discrimination on the basis of age, whether it be discrimination on the basis that an individual is perceived to be too old or on the basis that an individual is perceived to be too young; accordingly, a claim properly may be brought under the Civil Rights Act where it is alleged that an individual was discriminated against on the basis of being perceived to be too young (MCL 37.2103[1][a], 37.2202[1][a]; MSA 3.548[103][1][a], 3.548[202][1][a]).

*Dwight Teachworth*, for the plaintiff.

*Dykema Gossett PLLC* (by *Martin J. Galvin* and *James F. Hermon*), for the defendants.

Amicus Curiae:

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Victoria Reardon*, Assistant Attorney General, for the Department of Civil Rights.

Before: GRIFFIN, P.J., and HOLBROOK, JR., KELLY, CAVANAGH, FITZGERALD, MARKEY and WILDER, JJ.

CAVANAGH, J. Pursuant to MCR 7.215(H)(3), this conflict panel was convened to resolve a conflict between this Court's prior, vacated opinion in *Zanni v Medaphis Physician Services Corp*, 237 Mich App

801 (1999), and this Court's earlier decision in *Zoppi v Chrysler Corp*, 206 Mich App 172; 520 NW2d 378 (1994). In accordance with MCR 7.215(H)(1), the prior *Zanni* panel was required to follow the precedent of *Zoppi, supra.* Were it not for MCR 7.215(H)(1), the previous panel would have reversed the decision of the lower court.

This case involves a claim of age discrimination brought pursuant to the Civil Rights Act (CRA), MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* The previous panel set forth the pertinent facts of the case as follows:

> Plaintiff's complaint contained the following allegations. Defendant Medaphis Physician Services Corporation hired plaintiff in 1985, later promoted her to the position of account executive, and then terminated her employment in 1996 because she lost two accounts and had "violated her employee plan." A less qualified, older female replaced plaintiff on or about the same day her employment was terminated. Before her employment was terminated, plaintiff's supervisor told plaintiff that her "voice sounded too young on the phone and that the clients wanted an older account executive." Plaintiff also alleged that older account representatives who previously lost two or more accounts did not have their employment terminated for their actions and that she was treated differently from older employees because of her age rather than the quality of her work, in violation of the Civil Rights Act. Plaintiff was thirty-one years old when she filed the complaint in the present case. In short, plaintiff claims that defendants discriminated against her because she was too young. [*Zanni, supra* at 801-802.]

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8), arguing that a claim for age discrimination because of the plaintiff's youth does not

exist under the CRA, and the trial court granted the motion.

In *Zoppi, supra,* a panel of this Court held that a "plaintiff cannot establish an age discrimination case where his employer denied him special early retirement because he was too young." *Zoppi, supra* at 176. The *Zoppi* Court concluded that the plaintiff in that case was "not a member of the protected class in a reverse age discrimination case under the Civil Rights Act in light of its intended purpose." See *id.* at 175. The prior *Zanni* panel believed that the CRA was intended to "prohibit employers from engaging in discriminatory practices against workers considered 'too young' as well as workers considered 'too old,'" and therefore would have reversed the decision of the trial court in the present case, had it not been bound by *Zoppi. Zanni, supra* at 804-805. Thus, the question presented in this case is whether § 202 of the CRA, MCL 37.2202; MSA 3.548(202), provides protection to workers who are discriminated against because of their youth.

Subsection 202(1)(a) of the CRA, MCL 37.2202(1)(a); MSA 3.548(202)(1)(a), provides that an employer shall not discriminate "against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . age." Subsection 103(1)(a) of the CRA, MCL 37.2103(1)(a); MSA 3.548(103)(1)(a), defines "age" as "chronological age except as otherwise provided by law."

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent and purpose of the Legislature. The first criterion in determining intent is the specific language of the statute. If statutory language is clear, judicial construction is

normally neither necessary nor permitted, and the statute must be enforced as it is written. *Michigan Municipal Liability & Property Pool v Muskegon Co Bd of Co Rd Comm'rs*, 235 Mich App 183, 189-190; 597 NW2d 187 (1999).

Like the previous *Zanni* panel, we conclude that the plain language of the statute provides no basis to limit the protections of § 202 to older workers. On the contrary, the statute refers in subsection 103(1)(a) to "chronological age," without limiting its reach to any particular age group. Accordingly, as the earlier panel explained,

> age in the context of this case means a person's chronological age. If an employer disfavors an employee because the employer perceives the employee as being too young, the employer has plainly disfavored that employee on the basis of the employee's chronological age just as much as if the employer disfavored the employee for being perceived as too old. Thus, a proper understanding of the clear language of the applicable statutory definition of age would require a conclusion that the general prohibition of MCL 37.2202(1)(a); MSA 3.548(202)(1)(a) against age discrimination encompasses discrimination against an individual because an employer perceives that person as being too young. [*Zanni, supra* at 804.]

We further agree with the previous panel that the *Zoppi* Court erred in relying on case law construing the federal Age Discrimination in Employment Act (ADEA), 29 USC 621 *et seq.* Unlike the CRA, the ADEA limits the prohibitions against age discrimination "to individuals who are at least 40 years of age." 29 USC 631(a). We decline to read a similar restriction into the CRA when the Legislature apparently chose not to do so. See *Piper v Pettibone Corp*, 450 Mich 565, 572; 542 NW2d 269 (1995) (stating that it is not within the

province of this Court to read into a statute a mandate that the Legislature has not seen fit to incorporate); cf. *Husted v Auto-Owners Ins Co*, 459 Mich 500, 509; 591 NW2d 642 (1999) ("[T]he Legislature's failure to adopt language contained in the uniform act creates a presumption that the corresponding language was considered and rejected."). Accordingly, we hold that § 202 of the CRA protects workers who are discriminated against on the basis of their youth.

We note that this result is consistent with the purpose of the CRA, which seeks to eliminate the effects of offensive or demeaning stereotypes, prejudices, and biases. See *Plieth v St Raymond Church*, 210 Mich App 568, 573-574; 534 NW2d 164 (1995). While it is perhaps less common for younger employees to be judged on the basis of inaccurate stereotypes about their abilities, the potential nevertheless exists. Just as an older worker may be inaccurately perceived as less energetic and resistant to new ideas, a younger worker may be unfairly viewed as immature and unreliable, without regard for individual merits.[1]

Defendants urge that, if this Court finds that the CRA permits age discrimination claims in which an employee alleges discrimination on the basis of her youth, the ruling should be applied only prospectively. In discussing whether a Supreme Court opinion reversing a decision of this Court should be given retroactive application, the Supreme Court has stated:

> Only if this Court's decision can be said to be "unexpected" or "indefensible" in light of the law in place at the

---

[1] Of course, employers are still free to discriminate among workers on the basis of factors, such as experience and education, that are often correlated with age. See *Plieth, supra* at 573.

time of the acts in question would there be a question about whether to afford the decision complete retroactivity. It can hardly be considered "unexpected" or "indefensible" that this Court would reverse a Court of Appeals decision that was contrary to the clear and unambiguous language of the statute, the legislative intent behind the statute, and two prior opinions of this Court. [*Michigan Educational Employees Mut Ins Co v Morris*, 460 Mich 180, 195; 596 NW2d 142 (1999) (citation omitted).]

We believe that it likewise cannot be considered "unexpected" or "indefensible" that a conflict panel in this Court would overrule an earlier decision that was contrary to the clear and unambiguous language of a statute. Accordingly, we hold that our decision today is to be given full retroactive effect.

Reversed.