CLINE v AUTO SHOP, INC

Docket No. 213165. Submitted September 14, 1999, at Lansing. Decided May 16, 2000, at 9:00 A.M.

James M. Cline, an agnostic, brought an action in the Jackson Circuit Court against The Auto Shop, Inc., and others, alleging employment discrimination based on religion and in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* The court, Charles A. Nelson, J., granted summary disposition for the defendants, ruling that the act affords no protection to an agnostic claiming discrimination by a person with whose religious beliefs the agnostic does not agree. The plaintiff appealed.

The Court of Appeals *held*:

Subsection 202(1) of the Civil Rights Act, MCL 37.2202(1); MSA 3.548(202)(1), prohibits an employer from disfavoring an employee "because of religion." An employer that disfavors an employee because the employee is not in religious conformity with the employer disfavors the employee because of religion. The trial court erred in concluding that an employee who does not allege a religious belief has failed to state a prima facie case of religious discrimination as a matter of law.

Reversed and remanded.

CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — RELIGION.

An employer that disfavors an employee because the employee does not share the employer's religious beliefs disfavors the employee because of religion in a manner prohibited by the Civil Rights Act (MCL 37.2202[1]; MSA 3.548[202][1]).

*Robison & Sims, P.C.* (by *John M. Sims*), for the plaintiff.

*Marcoux, Allen, Abbott, Schomer & Bower, P.C.* (by *Robert T. Kendall, III*), for the defendants.

Before: TALBOT, P.J., and FITZGERALD and MARKEY, JJ.

FITZGERALD, J. Plaintiff appeals as of right the order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) in this religious discrimination case. We reverse and remand.[1]

Plaintiff alleged that he was employed by defendant, The Auto Shop, Inc., from August 1994 until his constructive discharge in April 1996. Defendant-appellee Phillip E. Tripp, Jr. (Tripp), is the owner of the business. Defendant Barbara Tripp is Tripp's wife. Plaintiff, who was agnostic, alleged that Tripp's treatment of plaintiff and the terms of his employment, such as compensation, job assignments, and the ability for advancement, were dependent on plaintiff's attendance at Tripp's church. Tripp is a "born-again Christian" and attends Cherish Christian Church. Specifically, plaintiff testified in his deposition that he was told that his compensation would be increased if he attended church, and that he in fact received pay raises after attending church. He also testified that if he did not attend church he was given more difficult assignments and was given less time to complete assignments than those employees who attended Tripp's church. Plaintiff indicated that his supervisor told him that he would have a better chance for advancement if he attended church with Tripp. Barbara Tripp told plaintiff that he should go to church, to pray to the Lord, and to accept the Lord in plaintiff's soul. Plaintiff testified that he could not work with the pressures of having to go to church and terminated his employment. He subsequently filed suit against defendants, alleging religious discrimination

---

[1] This case was held in abeyance pending the resolution of the conflicting opinion in *Zanni v Medaphis Physician Services Corp*, 240 Mich App 472; 612 NW2d 845 (2000).

under the Civil Rights Act (CRA), MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, on the ground that he was discriminated against because he does not share Tripp's religious beliefs.

Defendants moved for summary disposition on the ground that "attempts to proselytize plaintiff" did not interfere with plaintiff's religious practices. The trial court granted summary disposition in favor of defendants on a different ground, finding that the CRA does not provide protection for an atheist or agnostic who does not have a bona fide religious belief.

Subsection 202(1) of the CRA, MCL 37.2202(1); MSA 3.548(202)(1), provides that an employer shall not:

> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment *because of religion* . . . .
>
> (b) Limit, segregate, or classify an employee . . . for employment in a way that deprives or tends to deprive the employee . . . of an employment opportunity, or otherwise adversely affects the status of an employee . . . *because of religion* . . . .

The goal of statutory construction is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 515; 573 NW2d 611 (1998). If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. *People v Morris,* 450 Mich 316, 325; 537 NW2d 842 (1995).

Here, the plain text of the statute provides no basis to limit the protections of § 202 to those individuals who allege a bona fide religious belief. On the con-

trary, the statute refers to "religion" without limiting its reach to the religious beliefs of the employee. If an employer disfavors an employee because the employee is not in religious conformity with the employer, the employer has plainly disfavored that employee "because of religion."

Accordingly, we conclude that the trial court erred in concluding that an employee who does not allege a religious belief has failed to state a prima facie case of religious discrimination as a matter of law. Because the trial court did not address the merits of defendants' motion for summary disposition, we remand to the trial court for consideration of defendants' motion.

Reversed and remanded. Jurisdiction is not retained.