*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

RICHARD MAIERLE,

       Plaintiff-Appellant,

v

CHARTER TOWNSHIP OF CLINTON,
SUPERVISOR ROBERT J. CANNON, and
CLINTON TOWNSHIP FIRE AND POLICE
RETIREMENT SYSTEM BOARD OF TRUSTEES,

       Defendants-Appellees.

UNPUBLISHED
July 6, 2023

No. 359505
Macomb Circuit Court
LC No. 2021-001895-CD

---

RICHARD MAIERLE,

       Petitioner-Appellant,

v

CHARTER TOWNSHIP OF CLINTON, CLINTON
TOWNSHIP FIRE AND POLICE RETIREMENT
SYSTEM BOARD OF TRUSTEES, and
SUPERVISOR ROBERT J. CANNON,

       Respondents-Appellees.

No. 359508
Macomb Circuit Court
LC No. 2021-000057-AS

---

RICHARD MAIERLE,

       Petitioner-Appellant,

v

CHARTER TOWNSHIP OF CLINTON,

       Respondent-Appellee.

No. 360825
Macomb Circuit Court
LC No. 2021-004675-AA

---

Before: Hood, P.J., and Shapiro and Yates, JJ.

Per Curiam.

Plaintiff, Richard Maierle, was forced out of his position as a police captain when he turned 65. He responded to his forced retirement with lawsuits and a grievance, but he did not prevail in his efforts. In these three consolidated appeals,[1] he challenges the trial court's award of summary disposition to defendants in each of the lower-court cases. In Docket No. 359505, plaintiff appeals of right the trial-court order granting summary disposition under MCR 2.116(C)(10) to defendants, the Charter Township of Clinton (Township), Clinton Township Supervisor Robert J. Cannon, and Clinton Township Fire and Police Retirement System Board of Trustees, also called the Pension Board (Board), on plaintiff's claim of age discrimination under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* In Docket No. 359508, plaintiff appeals a separate order granting summary disposition to defendants pursuant to MCR 2.116(C)(10) on plaintiff's petition for entry of an order of superintending control concerning his mandatory retirement. In Docket No. 360825, plaintiff appeals the trial-court order under MCR 2.116(C)(4) finding that MCL 38.514(1) was inapplicable and did not afford plaintiff a procedural device to appeal the denial of his grievance contesting his mandatory retirement. On appeal, plaintiff asserts that the trial court erred by awarding summary disposition to defendants because MCL 38.556(1)(c) simply required that plaintiff "be retired" at the age of 65, not that he be separated from his employment, so his termination on the basis of his age constituted age discrimination in violation of the Civil Rights Act. Plaintiff contends the trial court erred in declining to consider the appeal of the denial of his grievance because the trial court had jurisdiction to hear his appeal from the decision of the Township's Civil Service Commission (Commission) pursuant to MCL 38.514(1). We affirm the trial-court orders awarding defendants summary disposition in Docket Nos. 359505 and 359508. We vacate the order awarding summary disposition under MCR 2.116(C)(4) in Docket No. 360825 and remand that matter to the trial court for entry of an order affirming the Commission's dismissal of plaintiff's grievance.

## I. FACTUAL BACKGROUND

Plaintiff served for years as a captain in the Clinton Township Police Department until he was "mandatorily retired" on June 1, 2021, after turning 65 years of age. In 2006, plaintiff elected to participate in the Board's Deferred Retirement Option Plan (DROP) while also maintaining his employment. After expiration of the 60-month period permitted under the DROP, plaintiff chose to continue working, foregoing additional contributions to his DROP account. In April 2018, the Township entered into a collective-bargaining agreement (CBA) with the Clinton Township Police Captains' Association (Union) that created a four-step internal procedure for grievance resolution. Section 4.2 of the CBA defines a grievance as "any difference that may arise between the parties" including "[a]ny matter involving an alleged violation of any other provision of this Agreement or Act 78 of the Public Acts of the State of Michigan of 1935," known as the Fire Fighters and Police Officers Civil Service System, MCL 38.501 *et seq.* (Act 78). At Step 4 of the grievance procedure,

---

[1] *Maierle v Twp of Clinton*, unpublished order of the Court of Appeals, entered December 21, 2021 (Docket Nos. 359505 and 359508); *Maierle v Twp of Clinton*, unpublished order of the Court of Appeals, entered April 5, 2022 (Docket Nos. 359505, 359508, and 360825).

a grievant "can either proceed to binding arbitration . . . or petition the Township Civil Service for a hearing[,]" which must "be in compliance with Act 78[.]"

Section 14 of the CBA, which addresses "retirement," requires that the "[m]embers of the bargaining unit shall be provided pension benefits in accord with the Fire and Police Pension and Retirement Act 345 of P.A. of 1937[,]" MCL 38.551 *et seq*. (Act 345). During the negotiations, the Union proposed "to extend a Letter of Agreement to the current members of the Captains unit allowing the members to continue work through Full Social Security retirement age[,]" which the Township rejected. Human Resources Director for the Township, William Smith, discussed that issue with plaintiff and told him it was "the Township's position not to override or bypass the Act 345 provision that requires retirement at age 65."

In January 2021, Supervisor Cannon started implying that plaintiff would have to separate from service when he turned 65 later that year. Cannon eventually sent the Board a letter advising them of plaintiff's mandatory retirement. Plaintiff disputed that claim, insisting that although "the terms 'retire' or 'retired' [were] not defined by Act 345, we do know from reading the provisions of Act 345 as a whole, that the terms [did] not mean 'termination from active employment[,]' " and asserting that he was "retired" under Act 345 since 2006, when he elected to participate in the DROP. Cannon and the Board disagreed, so plaintiff filed a grievance on May 20, 2021. Human Resources Director William Smith denied plaintiff's grievance on May 24, 2021, commenting that Act 345 required that plaintiff be retired at age 65 and asserting that, because retirement was not a disciplinary action, Act 78 was inapplicable to plaintiff's claims.

Plaintiff demanded a commission hearing and also filed suit against the Township, Cannon, and the Board alleging age discrimination. On December 3, 2021, the Commission issued a written decision concluding that "the Township was correct in separating [plaintiff]'s employment" and dismissing plaintiff's grievance. On December 17, 2021, plaintiff filed a "claim of appeal" with the circuit court seeking review of the Commission's decision. Meanwhile, in plaintiff's case that alleged age discrimination, defendants moved for summary disposition, asserting governmental immunity, heightened deference to an administrative agency, inapplicability of Act 78 because of the absence of disciplinary action, and the absence of a genuine issue of material fact that plaintiff was required to retire at age 65 under Act 345.[2] The trial court granted summary disposition under MCR 2.116(C)(10) to defendants in a written opinion and order issued on November 17, 2021. In addition, plaintiff filed a separate suit in August 2021 requesting an order of superintending control and injunctive relief, and defendants moved for summary disposition. The trial court then awarded summary disposition under MCR 2.116(C)(10) to defendants in that action in an opinion and order issued on November 17, 2021. That ruling cleaned up plaintiff's original actions, but the trial court still had to deal with plaintiff's appeal from the Commission's decision dismissing the grievance.

---

[2] That requirement does not violate the Elliott-Larsen Civil Rights Act or constitute impermissible age discrimination because the Civil Rights Act expressly exempts "actions taken pursuant to bona fide retirement plans." MCL 37.2202(2).

Addressing the appeal from the Commission's decision, the trial court heard oral argument and then issued a written opinion and order on March 23, 2022, awarding the Township summary disposition under MCR 2.116(C)(4). The trial court ruled that it lacked appellate jurisdiction over the Commission's proceedings, so summary disposition under MCR 2.116(C)(4) was required. As a result, the trial court did not address the merits of plaintiff's challenge to the Commission's ruling on plaintiff's grievance. In response, plaintiff appealed to this Court.

## II. LEGAL ANALYSIS

Because plaintiff pursued three separate actions in the trial court, our appellate review is a bit more complicated than one might expect. First, we must take up the trial court's ruling on the merits of defendants' motion for summary disposition under MCR 2.116(C)(10) that rejected the claim of age discrimination. In doing so, we must also devote some attention to plaintiff's failed petition for an order of superintending control with respect to his mandatory retirement at age 65. Finally, we must consider plaintiff's failed attempt to obtain relief from the Commission and then the trial court with regard to the grievance process.

## A. SUMMARY DISPOSITION ON THE AGE-DISCRIMINATION CLAIM

Plaintiff contends that the trial court erred by dismissing his age-discrimination claim and his petition for an order of superintending control because Act 345 just required him to "retire" at age 65, not to stop working. "We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) should be granted when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A summary disposition motion under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at 160. When addressing such a motion, "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. " 'A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ.' " *Id*. With these standards in mind, we must address what largely amounts to an issue of statutory interpretation.

The portion of Act 345 relating to this appeal, which is found in MCL 38.556(1)(c), states:

> (1) Age and service retirement benefits payable under this act are as follows:
>
> * * *
>
> (c) A member who is 65 years of age shall be retired by the retirement board on the first day of the month following attainment of 65 years of age.

The parties recognize that the Elliott-Larsen Civil Rights Act carves out an exception to claims of age discrimination for the "implementation of a bona fide retirement policy or system that is not a subterfuge to evade the purposes of this section." MCL 37.2202(2). The parties also acknowledge the CBA's incorporation of Act 345 constitutes a bona fide retirement policy. "A retirement policy is bona fide if it 'exists and pays benefits.' " *Zoppi v Chrysler Corp*, 206 Mich App 172, 177; 520

NW2d 378 (1994), abrogated on other grounds by *Zanni v Medaphis Physician Servs Corp*, 240 Mich App 472; 612 NW2d 845 (2000) (citation omitted).

Accordingly, this case depends on the interpretation of the terms "retire" and "retirement." Plaintiff asserts that because MCL 38.556(1)(a) and (b) contain additional provisions for situations when an employee continues working, to "retire" under Act 345 does not refer to "severance from service." Plaintiff's argument fails for a variety of reasons. First, plaintiff furnishes no evidence of legislative intent to support his contention that the lack of continuation-of-employment language in MCL 38.556(1)(c) that is present in MCL 38.556(1)(a) and (b) is due to the Tax Code's pension requirements. Plaintiff is seeking a judicial interpretation of legislative intent with no evidence.

Our role in interpreting statutory language is to " 'ascertain the legislative intent that may reasonably be inferred from the words in a statute.' " *2 Crooked Creek v Cass Co Treasurer*, 507 Mich 1, 9; 967 NW2d 577 (2021). " 'In doing so, courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute.' " *Id*. " 'When the statutory language is clear and unambiguous, judicial construction is not permitted and the statute is enforced as written.' " *Id*. And, beyond that, courts "cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *GMAC LLC v Dep't of Treasury*, 286 Mich App 365, 372; 781 NW2d 310 (2009). Here, we find no reason to believe that the Legislature intended anything when it omitted the continuation-of-employment language from MCL 38.556(1)(c) other than the fairly obvious implication that the Legislature did not intend that continuation-of-employment language to apply to MCL 38.556(1)(c) even though that language is undoubtedly applicable where it exists, i.e., in MCL 38.556(1)(a) and (b).

Plaintiff next contends that because Act 345 does not define the term "retire" and that term is used elsewhere in clauses that allow for continued employment, the term must mean something other than "retirement from service." But that interpretation conflicts with the plain language of the statute. Indeed, MCL 38.556(1)(a) and (b) contemplate ages at which a member "may" retire, or "shall be retired" after a written application, "unless the member continues employment." By contrast, MCL 38.556(1)(c) contains no language that defines any alternate route, which we cannot regard as inadvertent. Notably, MCL 38.556(1)(c) states that "[a] member who is 65 years of age *shall* be retired[.]" (Emphasis added.) "The use of the word 'shall' denotes mandatory action." *Wolfenbarger v Wright*, 336 Mich App 1, 31; 969 NW2d 518 (2021). Furthermore, as the trial court noted, this Court has already determined that "retirees are, by definition, no longer employed and cannot be considered employees." *Butler v Wayne Co*, 289 Mich App 664, 675; 798 NW2d 37 (2010).

That interpretation squares with the dictionary definition of the word "retire" in the context of employment: "to withdraw from one's position or occupation" or "conclude one's working or professional career." *Merriam-Webster's Collegiate Dictionary* (11th ed.).[3] The plain meaning of

---

[3] "Terms that are not defined in a statute must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary for definitions." *City of Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 464; 965 NW2d 232 (2020) (citation omitted).

the word, this Court's prior interpretation, and the distinguishable language in subsections MCL 38.556(1)(a) and (b) indicate that to "retire" involves terminating employment, not merely entering into the pension system. The decisions of the trial court and the Commission are consonant, and we have no available remedy for plaintiff, whose age-discrimination claim fails on the merits.

## B. REVIEW OF THE GRIEVANCE PROCESS

Plaintiff not only sought relief from alleged age discrimination by filing original actions in the trial court, but also pursued a grievance regarding his compelled retirement after he turned 65. Addressing plaintiff's appeal of an adverse decision from the Commission, the trial court rejected plaintiff's appeal of the grievance process for lack of jurisdiction, relying on MCR 2.116(C)(4) as the basis for dismissal. Plaintiff argues that the trial court erred in deciding that it lacked appellate jurisdiction to review his appeal of the grievance process because Act 78 is broader in scope, and applies to "discharges," not just disciplinary actions. We review de novo the trial court's decision to award summary disposition under MCR 2.116(C)(4) on jurisdictional grounds.[4] *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008). "When viewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact." *Cork v Applebee's of Michigan, Inc*, 239 Mich App 311, 315; 608 NW2d 62 (2000).

The jurisdictional disagreement arises under Act 78. The title of Act 78 describes it as:

AN ACT to establish and provide a board of civil service commissioners in cities, villages, and municipalities having full-time paid members in the fire or police departments, or both; to provide a civil service system based upon examination and investigation as to merit, efficiency, and fitness for appointment, employment, and promotion of all fulltime paid members appointed in the fire and police departments and respective cities, villages, and municipalities; to regulate the transfer, reinstatement, suspension, and discharge of officers, fire fighters, and police officers; to prescribe penalties and provide remedies; and to repeal acts and parts of acts. [1935 PA 78, title.]

"[W]hat is plain and unambiguous often depends on one's frame of reference[.]" *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, 299; 926 NW2d 259 (2018) (quotation marks and citation omitted). In order "to determine that frame of reference, one must consider the context of the passage by reading it in relation to the statute as a whole and [to] work in mutual agreement with the remainder of the statute." *Id*. at 300 (quotation marks and citations omitted, second alteration in original).

---

[4] We are aware of the Township's challenge to our appellate jurisdiction in Docket No. 360825 as an appeal of right under MCR 7.203(A)(1)(a). Here, for purposes of judicial efficiency given the interrelated nature of the issues on appeal coupled with the failure of the Township to raise its jurisdictional concern in a timely manner, we have elected to treat the appeal in Docket No. 360825 as an application for leave to appeal, which we grant, under MCR 7.203(B)(3).

Act 78 does contain language stating that one of its purposes is "to prescribe penalties and provide remedies[,]" but that phrase is separated by a semicolon from the preceding sentence that discusses the evaluations of the "transfer, reinstatement, suspension, and discharge of officers[.]" 1935 PA 78, title. A semicolon is "a punctuation mark; used chiefly in a coordinating function between major sentence elements (as independent clauses of a compound sentence)." *Merriam-Webster's Collegiate Dictionary* (11th ed). The semicolon distinguishes the penalty language from the evaluation language, and the evaluation language identifies "discharge" as one of the options. To "discharge" is "to dismiss from employment" or "to release from service or duty." *Id*. It does not necessarily require any disciplinary action, contrary to the Township's argument. Plaintiff was "discharged" when his employment was terminated, so his hearing fell within the purview of Act 78. Under MCL 38.514(1), Act 78 affords the right to circuit-court review of the Commission's decision. Because the trial court had appellate jurisdiction, it was obligated to consider plaintiff's appeal of the Commission decision on the merits. Although the trial court did not render a ruling on the merits, we readily conclude that the Commission's decision should be upheld.

In its 13-page decision, the Commission cogently explained why plaintiff's grievance had no merit. The Commission reasoned that Michigan state law required plaintiff "to retire at the age of 65." In reaching that conclusion, the Commission framed the issue as "whether the Township violated the terms of the Collective Bargaining Agreement by enforcing the mandatory retirement provision." The Commission correctly noted that the CBA incorporates Act 78, which prescribes terms and conditions of employment, and Act 345, which controls the conditions of employment that relate to retirement. Pursuant to Act 345, MCL 38.556(1)(c), "[a] member [of the bargaining unit] who is 65 years of age shall be retired by the retirement board on the first day of the month following attainment of 65 years of age." The Commission rejected plaintiff's argument that to "be retired" "means nothing more than to calculate his pension benefits." The Commission acted correctly in finding "that Act 345 was intended to be a mandatory retirement age for [plaintiff] and not merely a procedural mechanism to be applied by the pension board to 'retire him' from his pension." As a result, the Commission properly ruled "that the Township was correct in separating [plaintiff]'s employment" and, therefore, appropriately dismissed plaintiff's grievance.

We affirm the trial court's orders in Docket Nos. 359505 and 359508, but vacate the order in Docket No. 360825 and remand that case to the circuit court for entry of an order affirming the Commission's dismissal of plaintiff's grievance. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates

-7-