ALLEN v COMPREHENSIVE HEALTH SERVICES

Docket No. 187357. Submitted November 6, 1996, at Detroit. Decided March 25, 1997, at 9:05 A.M. Leave to appeal sought.

Robert Allen brought an action in the Wayne Circuit Court against Comprehensive Health Services pursuant to the Civil Rights Act, alleging that he had been denied opportunities for advancement, increased responsibilities, and greater earning capacity as a result of the defendant's discrimination against him on the bases of race and gender. The complaint did not allege and discovery did not uncover any direct evidence of discriminatory intent on the part of the defendant. Following discovery, the court, Michael J. Callahan, J., granted summary disposition for the defendant on the basis that there was no genuine issue of disputed fact. The plaintiff appealed the court's order as it pertained to the claim of gender discrimination.

The Court of Appeals *held*:

1. A prima facie claim by a male employee bringing a gender discrimination claim against his employer under § 202(1) of the Civil Rights Act, MCL 37.2202(1); MSA 3.548(202)(1), for discrimination with respect to a promotion decision where there is no direct evidence of the employer's discriminatory intent requires a showing that there are background circumstances supporting the suspicion that the employer is that unusual employer who discriminates against males, that the plaintiff applied and was qualified for an available promotion, that the plaintiff was not promoted, and that a female employee of similar qualifications was promoted. Under such a showing, there arises a rebuttable presumption of discriminatory intent by the employer. Absent such a showing, a male employee may not proceed with a gender discrimination claim in the absence of direct evidence of the employer's discriminatory intent.

2. The plaintiff failed to come forward with any evidence to suggest that the defendant is that unusual employer who discriminates against males. For that reason alone, the trial court properly held that the plaintiff had failed to establish a prima facie claim of gender discrimination. Further, the plaintiff failed to show that any promotion for which he was qualified was given to a woman.

Accordingly, the trial court did not err in granting summary disposition for the defendant.

Affirmed.

CIVIL RIGHTS — GENDER DISCRIMINATION — EMPLOYMENT DISCRIMINATION — DISCRIMINATION AGAINST MALES — PROMOTIONS — PRIMA FACIE CASE.

A prima facie claim by a male employee bringing a gender discrimination claim against the employer under the Civil Rights Act for discrimination with respect to a promotion decision where there is no direct evidence of the employer's discriminatory intent requires a showing that there are background circumstances supporting the suspicion that the employer is that unusual employer who discriminates against males, that the plaintiff applied and was qualified for an available promotion, that the plaintiff was not promoted, and that a female employee of similar qualifications was promoted; under such a showing, there arises a rebuttable presumption of discriminatory intent by the employer; absent such a showing, a male employee may not proceed with a gender discrimination claim in the absence of direct evidence of the employer's discriminatory intent (MCL 37.2202[1]; MSA 3.548[202][1]).

*Robert Van Cleef, P.C.* (by *Robert Van Cleef*), for the plaintiff.

*Dara M. Horn-Taylor*, for the defendant.

Before: BANDSTRA, P.J., and NEFF and M. E. DODGE*, JJ.

BANDSTRA, P.J. Plaintiff appeals as of right from an order granting summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendant in this gender discrimination case.[1] We affirm.

Defendant hired plaintiff as a part-time data entry clerk in 1988. Following his annual reviews in 1989 and 1990, plaintiff was rated as competent or highly

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Plaintiff's complaint also alleged race discrimination, but he is not contesting the dismissal of this claim.

competent and provided salary increases. In June of 1990, plaintiff was promoted to information control clerk. Further reviews of plaintiff's job performance in 1990, 1991, and 1992 resulted in additional pay increases.

In 1993, plaintiff filed an internal complaint alleging that defendant discriminated against him by rating him below individuals whom he had outperformed on the job. Although defendant did not concede that plaintiff's allegations had any merit, his position was reclassified to a higher salary level and a different title, data entry coordinator. Plaintiff was not satisfied with this response or other efforts to resolve the dispute. He filed this action alleging that he had been discriminated against in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* Specifically, plaintiff complained that he had been denied opportunities for advancement, increased responsibilities, and a greater earning capacity. The complaint and ensuing discovery did not allege or uncover any direct evidence of discriminatory intent on the part of defendant. Following discovery, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff had failed to come forward with sufficient evidence to proceed with his claim under the Civil Rights Act. The trial court agreed and dismissed plaintiff's complaint.

This appeal raises two issues. First, in the absence of direct evidence of discriminatory intent, what must plaintiff show to establish a prima facie case of reverse discrimination in violation of the Civil Rights Act? Second, did plaintiff come forward with sufficient evidence to establish a prima facie case?

ELEMENTS OF A "REVERSE DISCRIMINATION" CLAIM UNDER THE
CIVIL RIGHTS ACT

Under § 202(1) of the Civil Rights Act, MCL
37.2202(1); MSA 3.548(202)(1), an employer may not:

> (a) Fail or refuse to hire or recruit, discharge, or other-
> wise discriminate against an individual with respect to
> employment, compensation, or a term, condition, or privi-
> lege of employment, because of religion, race, color,
> national origin, age, sex, height, weight, or marital status.
>
> (b) Limit, segregate, or classify an employee or applicant
> for employment in a way that deprives or tends to deprive
> the employee or applicant of an employment opportunity,
> or otherwise adversely affects the status of an employee or
> applicant because of religion, race, color, national origin,
> age, sex, height, weight, or marital status.
>
> (c) Segregate, classify, or otherwise discriminate against
> a person on the basis of sex with respect to a term, condi-
> tion, or privilege of employment, including, but not limited
> to, a benefit plan or system.

On appeal, defendant argues, as it did below, that
because this is a "reverse discrimination" case, plain-
tiff's burden of proof is different from that applicable
to a claim under the Civil Rights Act brought by a
member of a protected class. This is a question of
first impression in Michigan. Because title VII of the
United States Civil Rights Act[2] provides protection
and a cause of action in language similar to the Civil
Rights Act, we turn to federal precedents for gui-
dance. *Radtke v Everett*, 442 Mich 368, 381-382; 501
NW2d 155 (1993).

---

[2] In pertinent part, 42 USC 2000e-2(a)(1) provides: "It shall be an unlaw-
ful employment practice for an employer— . . . to discriminate against any
individual with respect to . . . compensation, terms, conditions, or privi-
leges of employment, because of such individual's . . . sex . . . ."

In *McDonnell Douglas Corp v Green*, 411 US 792, 802; 93 S Ct 1817; 36 L Ed 2d 668 (1973), the Supreme Court stated the burden of proof that must be shouldered by a person alleging race discrimination in a hiring decision to establish a prima facie title VII case:

> The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

These elements give rise to a presumption that the adverse action by an employer resulted from an illegal discriminatory intent,[3] a presumption that the employer may rebut by "articulat[ing] some legitimate, nondiscriminatory reason for" the adverse action. *Id.* In response, a plaintiff may show that the employer's articulated reason is, in fact, a "pretext." *Id.* at 804. Recognizing that "[t]he facts necessarily will vary in Title VII cases," the *McDonnell Douglas* Court noted that its specification of the prima facie burden of proof "is not necessarily applicable in every respect to differing factual situations." *Id.* at 802, n 13.

---

[3] *McDonnell Douglas* establishes an "inferential test" that can be employed by a plaintiff who has "no direct evidence of discrimination." *Pierce v Commonwealth Life Ins Co*, 40 F3d 796, 801, n 6 (CA 6, 1994). See, also, *Int'l Brotherhood of Teamsters v United States*, 431 US 324, 335, n 15; 97 S Ct 1843; 52 L Ed 2d 396 (1977). A plaintiff need not establish the *McDonnell Douglas* presumption if there is "direct proof of discriminatory intent." *Notari v Denver Water Dep't*, 971 F2d 585, 589 (CA 10, 1992).

The District of Columbia Circuit Court of Appeals accepted this invitation to modify the *McDonnell Douglas* test for purposes of a "reverse discrimination" claim in *Parker v Baltimore & O R Co*, 209 US App DC 215; 652 F2d 1012 (1981). The court noted that the *McDonnell Douglas* test allows a plaintiff "to establish a prima facie case without direct evidence of discriminatory motive" but reasoned that this does not constitute "an arbitrary lightening of the plaintiff's burden." *Id.* at 219-220. Instead, the *McDonnell Douglas* test is "a procedural embodiment of the recognition that our nation has not yet freed itself from a legacy of hostile discrimination." *Id.* at 220.

> The Supreme Court has explained this standard "as a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination. A prima facie case under *McDonnell Douglas* raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." [*Id.*, quoting *Furnco Constr Corp v Waters*, 438 US 567, 577; 98 S Ct 2943; 57 L Ed 2d 957 (1978).]

The *Parker* court further reasoned that, accordingly, the *McDonnell Douglas* test had to be modified for use in a reverse discrimination case:

> The original *McDonnell Douglas* standard required the plaintiff to show "that he belongs to a racial minority." Membership in a socially disfavored group was the assumption on which the entire *McDonnell Douglas* analysis was predicated, for only in that context can it be stated as a general rule that the "light of common experience" would lead a factfinder to infer discriminatory motive from the unexplained hiring of an outsider rather than a group member. Whites are also a protected group under Title VII, but it defies common sense to suggest that the promotion of a

black employee justifies an inference of prejudice against white co-workers in our present society. [*Id.*]

The *Parker* court held that majority plaintiffs can rely on the *McDonnell Douglas* criteria to prove a prima facie case of intentionally disparate treatment only "when background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Id.*

The *Parker* analysis has been followed by appellate courts in at least three other federal circuits.[4] *Reynolds v School Dist No 1, Denver, Colorado*, 69 F3d 1523, 1534 (CA 10, 1995); *Pierce v Commonwealth Life Ins Co*, 40 F3d 796, 801 (CA 6, 1994); *Notari v Denver Water Dep't*, 971 F2d 585, 588-589 (CA 10, 1992); *Boger v Wayne Co*, 950 F2d 316, 324-325 (CA 6, 1991); *Murray v Thistledown Racing Club, Inc*, 770 F2d 63, 66-68 (CA 6, 1985); *Christensen v Equitable Life Assurance Society of the United States*, 767 F2d 340, 343 (CA 7, 1985); *Jasany v United States Postal Service*, 755 F2d 1244, 1252 (CA 6, 1985). With these courts, we conclude that *Parker* appropriately modified the *McDonnell Douglas* test for application to a reverse discrimination claim brought under title VII. Further, recognizing that these precedents are not binding upon us in interpreting Michigan's Civil Rights Act, we nonetheless are convinced by the *Parker* analysis and adopt its approach for purposes of this statute as well. See *Sumner v Goodyear Tire & Rubber Co*, 427 Mich 505, 525; 398 NW2d 368 (1986).

---

[4] Apparently, only the Court of Appeals for the Eleventh Circuit has rejected the *Parker* approach. See *Wilson v Bailey*, 934 F2d 301, 304 (CA 11, 1991) (without analysis, allowing any plaintiff who "belongs to a class" to bring a reverse discrimination claim).

Accordingly, we hold that a reverse discrimination plaintiff who has no direct evidence of discriminatory intent may establish a prima facie claim of gender discrimination under the Civil Rights Act with respect to a promotion decision by showing (i) background circumstances supporting the suspicion that the defendant is that unusual employer who discriminates against men; (ii) that the plaintiff applied and was qualified for an available promotion; (iii) that, despite plaintiff's qualifications, he was not promoted; and (iv) that a female employee of similar qualifications was promoted.[5] Upon this showing, a "presumption" of discriminatory intent is established for possible rebuttal by the employer. Absent this showing, a reverse discrimination plaintiff who has no direct evidence of discriminatory intent cannot proceed.

### SUFFICIENCY OF PLAINTIFF'S EVIDENCE

On appeal, an order granting or denying summary disposition is reviewed de novo. *Pinckney Community Schools v Continental Casualty Co*, 213 Mich App 521, 525; 540 NW2d 748 (1995). The party opposing a motion for summary disposition under MCR 2.116(C)(10) has the burden of establishing, by evidentiary materials, that a genuine issue of disputed fact exists. *Skinner v Square D Co*, 445 Mich 153, 160; 516 NW2d 475 (1994). The opposing party may not rest upon mere allegations or denials in the pleadings but must, by affidavit or other documentary evidence,

---

[5] In addition to restating the first of the *McDonnell Douglas* elements on the basis of *Parker* and its progeny, we have modified the elements as needed to fit this case involving an allegedly gender-based failure to promote. See *McDonnell Douglas*, *supra* at 802, n 13. Our restatement of the fourth element is similar to that used in *Bundy v Jackson*, 205 US App DC 444, 461; 641 F2d 934 (1981).

set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4); *Johnson v Wayne Co*, 213 Mich App 143, 149; 540 NW2d 66 (1995).

With these principles in mind, we conclude that plaintiff failed to establish a prima facie case of gender discrimination as outlined above. With respect to the first element, plaintiff came forward with absolutely no evidence to suggest that defendant is "that unusual employer who discriminates against men."[6] For that reason alone, we conclude that the summary disposition granted to defendant was appropriate.[7] In addition, we conclude that plaintiff has not shown that a promotion for which he was qualified was given to a female employee instead.[8] Although plain-

---

[6] For cases in which plaintiffs did establish this first element of their reverse discrimination cases, see, e.g., *Reynolds, supra* at 1535 (the plaintiff was the only white employee in an otherwise all-Hispanic department and Hispanic supervisors made most employment decisions); *Bishopp v District of Columbia*, 252 US App DC 156, 163-164; 788 F2d 781 (1986) (the defendant promoted less qualified minority employee; use of subjective, rather than objective criteria; internal and external pressure to favor minorities); *Lanphear v Prokop*, 227 US App DC 89, 93; 703 F2d 1311 (1983) (qualified white passed over for black whose qualifications were not fully checked; pressure to increase minority percentages). We offer no opinion whether the evidence found sufficient in these title VII cases would also be sufficient for a claim brought under the Civil Rights Act but cite them to illustrate the kind of evidence plaintiff might have brought forward, had it been available, to satisfy the first element of his prima facie case.

[7] The trial court did not apply the same analysis we employ in deciding the motion for summary disposition and, in fact, apparently specifically rejected use of the *Parker* approach. Nonetheless, we will not reverse an order of summary disposition properly granted albeit for wrong, or incomplete, reasons. *Holland Home v Grand Rapids*, 219 Mich App 384, 400; 557 NW2d 118 (1996).

[8] At the hearing on the motion for summary disposition, plaintiff's counsel stipulated that this is a "lack of promotion or advancement case . . . based upon reverse discrimination." On appeal, plaintiff argues that summary disposition was improperly granted on the basis of his allegations that female employees were treated differently with regard to defendant's policies concerning smoking, the use of televisions and radios

tiff argues that he was denied certain promotions, he did receive other promotions and regular salary increases during his employment with defendant. With respect to promotional opportunities that he did not realize, plaintiff has come forward with no evidence suggesting that defendant incorrectly determined that he did not meet the stated minimum requirements or that defendant is wrong in contending that the positions plaintiff sought were, in fact, lateral transfers rather than promotions. Finally, plaintiff admitted at his deposition that none of the women he complained about have achieved promotional levels higher than his. In sum, we agree with the trial court that the available evidence indicates only that "personality disputes" between plaintiff and supervisory personnel are at issue here; plaintiff has not shown a prima facie case of gender discrimination in violation of the Civil Rights Act.

We affirm. No taxable costs pursuant to MCR 7.219, a question of public policy being involved.

---

at work, use of work telephones, and entertaining visitors on the job. We do not consider these matters to be preserved for appeal, but, even if they were, conclude they were not sufficiently proved to resist summary disposition. Plaintiff came forward with no objective evidence to support these contentions, which are nothing more than plaintiff's own personal feelings about his mistreatment. See *Johnson, supra.* Further, assuming that fellow employees broke the employer's rules in these regards, plaintiff claims he never did so and thus can only argue hypothetically that his violation of the rules would have resulted in disparate treatment. Plaintiff also argues that, although he was more productive than his fellow workers, they received better reviews and higher salaries. However, again, this is nothing more than plaintiff's opinion of relative productivity, and it is apparently based on his improper review of work performance evaluations of other employees.