656 N.W.2d 188 (2002)
Phillip I. VENABLE, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
Docket No. 219037.
Court of Appeals of Michigan.
Submitted August 1, 2002, at Detroit.
Decided October 22, 2002, at 9:05 a.m.
Released for Publication January 23, 2003.
*189 Law Office of Gregory T. Gibbs (by Jeanmarie Miller), Flint, for the plaintiff.
Hardy, Lewis & Page, P.C. (by Terence V. Page and Kay Rivest Butler) (Keller Thoma, P.C., by Kimberly A. Sordyl and Lincoln G. Herweyer, of Counsel), Birmingham, Detroit, for the defendant.
Before: O'CONNELL, P.J., and FITZGERALD and WILDER, JJ.

ON REMAND
O'CONNELL, P.J.
This reverse employment discrimination case is before us on remand from our Supreme Court. In an unusual remand order, the Court stated in part:
The panel is directed to explain ... whether, in affirming summary disposition in favor of defendant, it was necessary to rely on Allen v. Comprehensive Health Services, 222 Mich.App. 426, 564 N.W.2d 914 (1997). If it was not, the Court should explain why not. If it was, the Court should explain why it was and address whether the ["]background circumstances["] test imposed by Allen in evaluating ["]reverse discrimination["] claims is consistent with the Civil Rights Act, M.C.L. § 37.2101 et seq. If so, it should also address whether the test is consistent with state or federal equal protection principles.[1] [Venable v. General *190 Motors Corp, unpublished order entered July 31, 2002, 650 N.W.2d 339 (Docket No. 119202).]
From this language we discern that our Supreme Court has ordered us to (1) determine if this Court's previous opinion in Allen was wrongly decided and (2) determine if the Allen decision is outcome determinative of the present case.[2] We conclude that Allen was wrongly decided and that the Allen decision is not outcome determinative of the present case.[3] Thus, we again affirm the trial court's order granting summary disposition for defendant.[4]

I. THE MCDONNELL DOUGLAS FRAMEWORK
In McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the United States Supreme Court established the elements of a prima facie case for claims alleging race discrimination in employment under title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.
The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. [McDonnell Douglas, supra at 802, 93 S.Ct. 1817.]
In Town v. Michigan Bell Telephone Co., 455 Mich. 688, 568 N.W.2d 64 (1997), our Supreme Court adapted the McDonnell Douglas framework to the Michigan Civil Rights Act. This was done to accommodate additional types of discrimination claims including employment discrimination based on sex and ageand to accommodate other "adverse employment action[s]." Id. at 695, 568 N.W.2d 64 (Brickley, J., with Boyle and Weaver, JJ., concurring). The framework, long used by courts of this state,[5] requires a showing that plaintiff *191 was "(1) a member of a protected class, (2) subject to an adverse employment action, (3) qualified for the position, and that (4) others, similarly situated and outside the protected class, were unaffected by the employer's adverse conduct." Id. at 695, 568 N.W.2d 64 (Brickley, J., with Boyle and Weaver, JJ., concurring), at 707, 568 N.W.2d 64(Riley, J., concurring in the judgment); see also Lytle v. Malady (On Rehearing), 458 Mich. 153, 171-173, n. 19, 579 N.W.2d 906 (Weaver, J., with Boyle and Taylor, JJ., concurring), at 185, 579 N.W.2d 906 (Brickley, J., concurring in the judgment); 579 N.W.2d 906 (1998).

II. APPLICATION TO REVERSE DISCRIMINATION CASES
We believe Allen was wrongly decided because Allen improperly modified the McDonnell Douglas framework by adding an element for reverse employment discrimination cases.[6] Citing questionable federal precedent,[7] the Allen Court concluded that reverse discrimination plaintiffs can rely on the McDonnell Douglas framework to establish "a prima facie case of intentionally disparate treatment only `when background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" Allen, supra, 222 Mich.App at 432, 564 N.W.2d 914 (emphasis added), quoting Parker v. Baltimore & O R Co., 209 U.S. App DC 215, 220, 652 F.2d 1012 (1981). This additional element has become known as the "background circumstances" test. The Allen Court reasoned as follows:
Recognizing that "[t]he facts necessarily will vary in Title VII cases," the McDonnell Douglas Court noted that its *192 specification of the prima facie burden of proof "is not necessarily applicable in every respect to differing factual situations." Id. at 802, n. 13, 93 S.Ct. 1817.
The District of Columbia Circuit Court of Appeals accepted this invitation to modify the McDonnell Douglas test for purposes of a "reverse discrimination" claim in Parker [,] [supra ]....

* * *
... The Parker court held that majority plaintiffs [i.e., Caucasian or male plaintiffs] can rely on the McDonnell Douglas criteria to prove a prima facie case of intentionally disparate treatment only "when background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority." Id.
The Parker analysis has been followed by appellate courts in at least three other federal circuits. With these courts, we conclude that Parker appropriately modified the McDonnell Douglas test for application to a reverse discrimination claim brought under title VII. Further, recognizing that these precedents are not binding upon us in reverse discrimination claim brought under title VII. Further, recognizing that these precedents are not binding upon us in interpreting Michigan's Civil Rights Act, we nonetheless are convinced by the Parker analysis and adopt its approach for purposes of this statute as well.
Accordingly, we hold that a reverse discrimination plaintiff who has no direct evidence of discriminatory intent may establish a prima facie claim of gender [sex] discrimination under the Civil Rights Act with respect to a promotion decision by showing (i) background circumstances supporting the suspicion that the defendant is that unusual employer who discriminates against men; (ii) that the plaintiff applied and was qualified for an available promotion; (iii) that, despite plaintiff's qualifications, he was not promoted; and (iv) that a female employee of similar qualifications was promoted.[8] Upon this showing, a "presumption" of discriminatory intent is established for possible rebuttal by the employer. Absent this showing, a reverse discrimination plaintiff who has no direct evidence of discriminatory intent cannot proceed. [Allen, supra, 222 Mich.App. at 430-433, 564 N.W.2d 914 (citations omitted; emphasis added).]

III. ALLEN'S MODIFICATION OF THE MCDONNELL DOUGLAS FRAMEWORK
By adding the "background circumstances" test to the McDonnell Douglas framework, Allen made it more difficult procedurally for a Caucasian or male plaintiff-employee than for an African-American or female plaintiff-employee to allege employment discrimination. See Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 801, n. 7 (C.A.6, 1994). While the McDonnell Douglas decision allowed its framework to be adapted to different types of discrimination or different types of "adverse employment action[s]" (Town, supra at 695, 568 N.W.2d 64), Allen clearly departed from McDonnell Douglas and added an entire element to the framework.
In our opinion, the "background circumstances" test imposed by Allen in evaluating reverse employment discrimination claims is inconsistent with the Michigan Civil Rights Act. The Civil Rights Act does not make a distinction concerning whether *193 an employee alleging race discrimination is Caucasian or African-American. It only provides that "[a]n employer shall not ... discriminate against an individual with respect to employment ... because of religion, race, color, national origin, age, [or] sex...." M.C.L. § 37.2202(1)(a). That is, any individual, Caucasian or African-American, male or female, is protected from race or sex discrimination under the Civil Rights Act. Consequently, ordinary and reverse discrimination claims are equally sustainable under the Civil Rights Act.[9] See Pierce, supra. Therefore, we hold that the Allen Court erred in adding the "background circumstances" test to a prima facie case for plaintiffs alleging reverse discrimination in employment.

IV. THE FACTS OF OUR PREVIOUS DECISION IN VENABLE

The facts of this case were set forth in our previous opinion:
Plaintiff, a sixty-one-year-old Caucasian male, was discharged from his employment with defendant in 1996 after approximately thirty-one years of service. At the time of his discharge, plaintiff held the position of a sixth-level supervisor in defendant's Service Parts Organization (SPO) plant in Swartz Creek. In August 1996, defendant received a phone call from an anonymous individual on its "Awareline," a confidential toll-free number defendant's employees used to report suspected misconduct. The caller alleged that plaintiff had been observed leaving the SPO facility on company time with hourly employees and drinking at a nearby bar. Subsequent surveillance by defendant confirmed the caller's allegations, and plaintiff was discharged. Plaintiff's termination in October 1996 followed a meeting for all sixth-level supervisors held in the spring of 1996, where management personnel warned employees that they would be immediately discharged if they knowingly allowed an employee to leave the plant while on company time.
After his employment with defendant was terminated, plaintiff commenced the instant action alleging race, gender, and age discrimination in violation of the Civil Rights Act, M.C.L. § 37.2101 et seq.; MSA 3.548(101) et seq., wrongful discharge, and fraudulent misrepresentation. After defendant moved for summary disposition under MCR 2.116(C)(10), the trial court summarily disposed of all of plaintiff's claims.[10] [Venable v. General Motors Corp, unpublished opinion per curiam of the Court of Appeals, issued April 20, 2001, 2001 WL 682483 (Docket No. 219037).]

V. ANALYSIS
Our previous opinion in this case cited Allen's modification and application of the McDonnell Douglas framework. See Allen, supra, 222 Mich.App. at 431-432, 564 N.W.2d 914 citing McDonnell Douglas, supra. Having determined that Allen was wrongly decided, our next task is to ascertain whether the result of our previous opinion in this case would have been the same without employing the Allen "background circumstances" test. In direct answer *194 to our Supreme Court's first question on remand, we hold that it was not necessary to rely on Allen in our previous opinion because direct application of the adapted McDonnell Douglas framework produces the same result. Thus, because our application of Allen in our previous opinion was not outcome determinative, we need not declare a conflict in the present case. See MCR 7.215(I)(2)-(3); Booker v. Detroit, 251 Mich.App. 167, 181, 185, 650 N.W.2d 680 (2002).
In our opinion, under McDonnell Douglas, the present plaintiff cannot survive summary disposition. See Spiek v. Dep't of Trans, 456 Mich. 331, 337, 572 N.W.2d 201 (1998). Therefore, the trial court in this case properly granted summary disposition to defendant pursuant to MCR 2.116(C)(10) for lack of a genuine issue of material fact.
With regard to the first element in the McDonnell Douglas framework, according to Michigan's Civil Rights Act, the instant plaintiff is a member of a protected class on the basis of his race and sex. See Town, supra at 695, 707, 568 N.W.2d 64; MCL 37.2202(1)(a) ("[a]n employer shall not ... discriminate against an individual... because of ... race, color, national origin, age, sex ..."). Second, plaintiff was subject to an adverse employment action, i.e., discharge. See Town, supra. Third, according to the evidence in this case, plaintiff was otherwise qualified for his position. Id. Fourth, and finally, plaintiff claims that similarly situated African-American and female employees were not discharged for the same conduct. Id.; Lytle, supra at 172-173, 185, 579 N.W.2d 906.
Even if plaintiff could make out a prima facie case under the above framework, we hold that he cannot survive the next steps in the analysis involving shifting the burden of production. After a plaintiff-employee sets out a McDonnell Douglas prima facie case, the burden of production shifts to the defendant-employer to produce a nondiscriminatory reason for the adverse employment decision. Town, supra at 695, 568 N.W.2d 64, citing McDonnell, supra. In the present case, defendant established (and plaintiff conceded) that plaintiff was discharged because he regularly joined his subordinate employees in leaving work early and proceeding to a nearby bar. Because this explanation satisfied defendant's burden at this stage of the analysis, the burden of production shifted back to plaintiff to prove by a preponderance of the evidence that this reason for discharge was a pretext for race or sex discrimination. Town, supra at 696-697, 707, 568 N.W.2d 64.
Plaintiff cannot meet this burden of production on the evidence presented on summary disposition. Indeed, the evidence shows that after defendant announced a policy prohibiting the alleged misconduct and warning of adverse employment consequences for those who defied the policy, plaintiff chose to leave work early with his subordinates. As we stated in our previous opinion, the similarly situated individuals plaintiff points to did not engage in such conduct after the policy was announced, as plaintiff did. Nor was their conduct as egregious as plaintiff's. Thus, plaintiff was not fired because of his race or sex, but for misconduct that similarly situated African-American and female employees did not commit. See Town, supra; Lytle, supra.

VI. CONCLUSION
Therefore, on remand, as in our previous opinion, we again affirm the trial court's grant of summary disposition, albeit on different grounds. See Town, supra; Lytle, supra. Having decided that it was not necessary to rely on Allen in this case, but *195 that the outcome is the same, we need not address the additional questions posed by our Supreme Court.
Affirmed.
FITZGERALD, J., I concur in the result only.
WILDER, J., (concurring).
After review of the record and our prior opinion, I would conclude that in affirming summary disposition in favor of defendant, reliance on Allen v. Comprehensive Health Services, 222 Mich.App. 426, 564 N.W.2d 914 (1997), was not required. In our prior opinion, we concluded that plaintiff failed to demonstrate that he was situated similarly to the other sixth-level supervisors that plaintiff claimed were not discharged for similar conduct. Plaintiff's failure to show he was situated similarly to other employees who were younger or of a different gender or race, and whom plaintiff claims were treated differently than he was, prevents plaintiff from establishing a prima facie case of disparate treatment. Lytle v. Malady (On Rehearing), 458 Mich. 153, 181, 579 N.W.2d 906 (1998), citing Betty v. Brooks & Perkins, 446 Mich. 270, 281, 521 N.W.2d 518 (1994).
Accordingly, because plaintiff is unable to establish a prima facie case of age, race, or gender discrimination under a disparate treatment theory, I conclude that while we appropriately affirmed summary disposition in favor of defendant, it was not necessary for this Court to address the application of Allen to the facts in this case. People v. Graves, 458 Mich. 476, 479-480, n. 2, 581 N.W.2d 229 (1998).
NOTES
[1] We note that leave to appeal to our Supreme Court was granted in Allen, 459 Mich. 861, 584 N.W.2d 922 (1998), and the Court subsequently "direct[ed] the parties to file ... supplemental briefs on the question of the propriety of applying the analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), in determining the existence of a prima facie case in cases arising under the Elliott-Larsen Civil Rights Act." Allen v. Comprehensive Health Services, 590 N.W.2d 573 (1999). The case was dismissed soon after by stipulation of the parties without resolution by our Supreme Court.
[2] In essence, our Supreme Court has ordered us to act as an appellate court over the previous opinion of our colleagues in Allen. We undertake this task with due respect for the Allen panel's decision.
[3] While we conclude that Allen was wrongly decided, we note that one panel of this Court may not overrule a decision of another panel. MCR 7.215(I)(1). In addition, we cannot declare a conflict and convene a conflict panel because, in our opinion, Allen is not outcome determinative of the present case. See MCR 7.215(I)(2)-(3); Booker v. Detroit, 251 Mich. App. 167, 181, 185, 650 N.W.2d 680 (2002). Because our Supreme Court retained jurisdiction of the present case on remand, we urge the Court to grant leave in the present case and resolve the conflict created by this case and the Allen decision. See Mudel v. Great Atlantic & Pacific Tea Co., 462 Mich. 691, 708, 614 N.W.2d 607 (2000) (wrongly decided cases produce more injury when followed than if overruled).
[4] Our previous opinion in this case was Venable v. General Motors Corp, unpublished opinion per curiam of the Court of Appeals, issued April 20, 2001, 2001 WL 682483 (Docket No. 219037).
[5] One of the first cases in which our Supreme Court adopted the McDonnell Douglas framework for "ordinary" employment discrimination cases was Victorson v. Dep't of Treasury, 439 Mich. 131, 142-143, 482 N.W.2d 685 (1992) (affirmative action plan claim brought by male employee); see also Rasheed v. Chrysler Corp., 445 Mich. 109, 132-133, n. 41, 517 N.W.2d 19 (1994) (race and religious discrimination case); Town, supra at 694-696, 568 N.W.2d 64 (sex and age discrimination); Lytle v. Malady (On Rehearing), 458 Mich. 153, 171-173, n. 19, 579 N.W.2d 906 (Weaver, J., with Boyle and Taylor, JJ., concurring), 185 (Brickley, J., concurring in the judgment); 458 Mich. 153, 579 N.W.2d 906 (1998) (sex and age discrimination); Hazle v. Ford Motor Co., 464 Mich. 456, 467-472, 628 N.W.2d 515 (2001) (race discrimination). This Court has applied the McDonnell Douglas framework in several published "ordinary" discrimination cases based on race or sex, including: Harrison v. Olde Financial Corp., 225 Mich.App. 601, 606-607, 572 N.W.2d 679 (1997); Wilcoxon v. Minnesota Mining & Mfg. Co., 235 Mich.App. 347, 359, 597 N.W.2d 250 (1999); Cunningham v. Dearborn Bd. of Ed., 246 Mich.App. 621, 626, n. 1, 633 N.W.2d 481 (2001).
[6] It appears that no Michigan appellate court has applied the McDonnell Douglas framework in a published "reverse" discrimination decision except for Allen. Rather, our Supreme Court has decided several "reverse" discrimination cases, but never applied the McDonnell Douglas analysis to them. See, e.g., Crawford v. Dep't of Civil Service, 466 Mich. 250, 645 N.W.2d 6 (2002) (reverse race discrimination case under state and federal law).
[7] In particular, Allen, supra, 222 Mich.App. at 430-432, n. 3, 564 N.W.2d 914 based its holding on nonbinding federal district and circuit court discrimination case law. District and circuit federal case law interpreting federal statutes similar to state statutesas in the present case analogizing the Michigan Civil Rights Act to the federal Civil Rights Actis merely persuasive authority. See Sharp v. Lansing, 464 Mich. 792, 802-803, 629 N.W.2d 873 (2001); Chambers v. Trettco, Inc., 463 Mich. 297, 313, 614 N.W.2d 910 (2000). Even so, decisions of the United States Supreme Court, such as McDonnell Douglas, are binding on this Court on the precise issues those decisions address and the precise statutes interpreted, particularly federal constitutional law. See People v. Beasley, 239 Mich.App. 548, 558-559, 609 N.W.2d 581 (2000), citing Texas v. Brown, 460 U.S. 730, 737, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Thus, the McDonnell Douglas case, addressing the federal Civil Rights Act, is merely persuasive, although widely adopted, authority in this state. See also Allen, supra, 590 N.W.2d 573.
[8] In Allen, supra, 222 Mich.App. at 429, 564 N.W.2d 914 the alleged "adverse employment action" was a failure to promote on the basis of sex. In the present case and in Town, supra at 692-694, 568 N.W.2d 64, the adverse employment actions were the plaintiffs' discharge.
[9] As we did in our previous opinion in this case, we again note, without deciding the unpreserved constitutional issue, that the "background circumstances" test in Allen's prima facie case for reverse discrimination claims also may be violative of equal protection and due process. See also Venable, supra, unpublished order of the Michigan Supreme Court.
[10] Plaintiff's age discrimination, wrongful discharge, and fraudulent misrepresentation claims are not relevant to our task on remand.