657 N.W.2d 118 (2003)
James STICKNEY, Plaintiff-Appellant,
v.
CITY OF FLINT, Defendant-Appellee.
Docket No. 119853, COA No. 217488.
Supreme Court of Michigan.
March 5, 2003.
On order of the Court, the application for leave to appeal from the June 1, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., dissents and states as follows:
I would peremptorily reverse the Court of Appeals. The Court of Appeals concluded that plaintiff here established a genuine issue of material fact that defendant was indeed, "that unusual employer who discriminates against white men." Allen v. Comprehensive Health Services, 222 Mich.App. 426, 433, 564 N.W.2d 914 *119 (1997). Notwithstanding this, the Court of Appeals also concluded that plaintiff failed to establish a question of fact that defendant's asserted justification for not hiring plaintiff was pretextual. In the abstract, I find it illogical for a court to reach these alternative conclusions. Further, in the particular circumstances of this case, I find the latter conclusion to constitute clear error where defendant's hiring plan committed it to eliminating the "underutilization" of minorities, and then defined this objective in purely statistical terms, i.e., "[g]enerally, minority persons are underutilized if they represent less than 50% of a classification or EEO-4 occupational category." In my judgment, plaintiff established a genuine issue of material fact in support of his discrimination claim, sufficient to proceed to the jury. In light of the Court of Appeals' own legal characterization of defendant, I am perplexed as to how it could have reached a contrary conclusion.