MARKMAN, J.
Plaintiff, a white police officer, alleges that defendant violated the Michigan Civil Rights Act, MCL 37.2202(l)(a), when it promoted a black officer, rather than plaintiff, to the supervisory position of police sergeant on the basis of race.[1] The issue is whether such a claim of “reverse discrimination” must satisfy standards different from those required of other claims of discrimination. Having granted leave to appeal and heard argument, this Court concludes as follows:
(1) MCL 37.2202(l)(a) provides that “[a]n employer shall not. . . discriminate against an individual with respect to employment.. . because of. .. race ... .”
(2) MCL 37.2202(l)(a) draws no distinctions between “individual” plaintiffs on account of race.
(3) The Court of Appeals, in reliance on Allen v Comprehensive Health Services, 222 Mich App 426, *233 429-433; 564 NW2d 914 (1997), held that a “majority” plaintiff in a “reverse discrimination” case, in order to make a prima facie showing, must, in addition to satisfying the obligations of “minority” plaintiffs in discrimination cases, also present “background circumstances supporting the suspicion that the defendant is that unusual employer who discriminates against the majority .. . .”[2]
(4) Allen draws a distinction between plaintiffs on account of race under MCL 37.2202(l)(a), and is thus inconsistent with our Civil Rights Act.[3] Therefore, Adíen is overruled.[4]
In response to Justice CAVANAGH’s dissent, we observe that this opinion is short, not because we disagree with the dissent concerning the significance of this issue, but because Allen is so clearly contrary to the language of Michigan’s Civil Rights Act. We are uncertain how many pages the dissent believes are required to explain that “individual” means “individual.” Further, we note that in its much longer opinion, the dissent, unlike the majority, never actually bothers to *234 decide the issue before this Court-whether Allen’s “background circumstances” standard is consistent with Michigan’s Civil Rights Act.
Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the circuit court for further proceedings consistent with this opinion.[5]
Corrigan, C.J., and Weaver Taylor, and Young, JJ., concurred with MARKMAN, J.

 On the basis of scores on written and oral examinations and seniority, plaintiff was rated second among the top five eligible officers and the black officer, who was promoted, was rated fifth. Pursuant to a collective bargaining agreement, the city was permitted to select any one of the top five scoring candidates.

 Unpublished opinion per curiam, issued July 9, 2002, p 2 (Docket No. 227874).

 While Allen involved a gender discrimination, rather than a race discrimination, claim, it held broadly that “reverse discrimination” plaintiffs under the Civil Rights Act must satisfy the “background circumstances” standard.

 Because we overrule Allen, it is unnecessary to address the additional question posed by this Court’s grant order, i.e., whether Allen’s “background circumstances” standard is consistent with the equal protection clauses of the Michigan Constitution, Const 1963, art 1, § 2 (“No person shall be ... discriminated against. .. because of.. . race ....”) and the United States Constitution, Am XIX § 1 (“[N]or shall any State ... deny to any person .. . the equal protection of the laws.”). That is, because we conclude that applying different standards to different racial groups in order to determine whether discrimination has been established violates the Michigan Civil Rights Act, we need not determine whether applying different racial standards also violates the equal protection clauses.

 In response to Justice Kelly’s dissent, we note that we are not concluding that plaintiff did or did not establish a prima facie case of discrimination; rather, we are simply concluding that the trial court applied the wrong standard in determining whether plaintiff established a prima facie case of discrimination.