*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICIA J. DIGNAN,

       Plaintiff-Appellant,

v

YPSILANTI COMMUNITY SCHOOLS,

       Defendant-Appellee,

and

MDW AND ASSOCIATES,

       Defendant.

UNPUBLISHED
February 7, 2019

No. 340089
Washtenaw Circuit Court
LC No. 16-000802-CD

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this employment discrimination action, plaintiff, Patricia Dignan, appeals by right from an order granting summary disposition in favor of defendant, Ypsilanti Community Schools, pursuant to MCR 2.116(C)(10) (no genuine issue of material fact, movant entitled to judgment as matter of law). Plaintiff's claim alleged that defendant's agent, MDW and Associates, Inc., doing business as Michigan Leadership Institute (MLI) [1], committed age or race discrimination in violation of MCL 37.2202 by failing to include her job application among the narrowed-down pool of applicants for consideration by defendant when filling a superintendent position, which went to a younger, less qualified candidate of another race. Plaintiff is Caucasian and was 72 years old at the time she applied. The trial court held that plaintiff failed to present any evidence establishing directly or circumstantially that either her age or her race

---

[1] MLI was also named as a defendant, but later settled with plaintiff and was dismissed from the case.

was a motivating factor in the applicant pool selection process, or that defendant's failure to hire plaintiff was a pretext for unlawful discrimination. We affirm.

## I. RELEVANT FACTS AND PROCEEDINGS

In April 2015, defendant hired MLI to conduct a search for the superintendent position within defendant's school district. MLI agreed to recruit a qualified candidate pool and recommend approximately four to six candidates to the board for interview.

Plaintiff submitted an online application to MLI in May 2015. Her application indicated that she was currently self-employed, working part-time in consulting and writing about education, which she had been doing since 2008. Plaintiff's application also indicated that she had not been an employee in a school district since she served as executive director for student achievement for Detroit Public Schools from June 2000 to June 2005. Plaintiff had experience as an assistant superintendent and superintendent at Milan Area schools from 1988-1995. From October 1995 to April 1997, she had a superintendent position at Falls Church Schools in Falls Church, Virginia, at which time she was offered a buyout because "the Board and I were starting to differ philosophically on key issues." Plaintiff alleged on the first page of her application that she had 15 years of experience in positions similar to superintendent. However, her superintendent and assistant superintendent positions totaled approximately nine years. Plaintiff's last principal position ended in 1988. Her application also showed that plaintiff received her bachelor's degree in 1963. The application form did not ask for the race or age of the candidate.

MLI received 27 applications for the superintendent position and selected five applications to forward to defendant for its review. MLI did not forward plaintiff's application to defendant for consideration, and defendant did not receive any materials related to plaintiff's application during the review process. The candidates forwarded to defendant for consideration were all currently or very recently employed by school districts in leadership positions, and had other recent experience working in school districts.

In June 2015, plaintiff was informed that she was no longer being considered for the position. Plaintiff subsequently filed a complaint with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission on January 5, 2016, alleging that she was not hired because of her race and age. In August 2016, plaintiff filed a complaint with the Washtenaw Circuit Court, alleging age and race discrimination and requesting that the trial court award her 2 years' worth of salary and benefits, amounting to approximately $600,000, which she would have earned had she been hired. In September 2016, both MLI and defendant answered the complaint with affirmative defenses. MLI asserted that plaintiff's application "lacked viability on a comparative and/or objective basis." MLI responded to a set of interrogatories issued by plaintiff in November 2017. In that response, MLI stated that its knowledge of the candidates was limited to their "paper" applications because MLI conducted no employment interviews. MLI also stated that plaintiff was eliminated from consideration based on her disclosed credentials.

In May 2017, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Defendant argued that plaintiff did not have any evidence to support her prima

facie case against defendant because she could not establish that "she was considered for and denied the position" by defendant. Defendant did not even know that she had applied. Defendant also argued that it was not liable for any alleged discrimination by MLI because it would have been intentional and outside the scope of employment. Plaintiff opposed summary disposition, arguing that MLI was acting as an agent for defendant when it passed her over and, as a result, defendant was vicariously liable for MLI's discrimination. She also argued that she was "uniquely qualified" and that the man whom defendant hired was nowhere near as qualified as she was. She continued that the only possible reason for her being passed over for an interview was because of her age or her race. She argued that she was discriminated against based on race because only one Caucasian person was selected for an interview. She also argued that MLI knew her general age because she told the search consultant for MLI and her resume indicated that she received her bachelor's degree in 1963. Plaintiff also argued that there was an issue of material fact because her qualifications begged the question of why she was not interviewed, and there was an issue as to whether MLI knew her age. Defendant filed a reply to plaintiff's response and plaintiff filed a response to defendant's reply, neither party raising significant new arguments.

The trial court heard argument on defendant's motion for summary disposition on June 21, 2017. During that hearing, defendant argued that MLI did not forward on plaintiff's application because of her disclosed credentials, which revealed the fact that at the time of her application she was not working at, nor had she recently worked at, a school district. Defendant noted that two of the applications submitted to it for consideration were from people in their 60s and at least one was from a Caucasian person; further, two were superintendents and two were assistant superintendents in that time frame. Defendant pointed out that there were important reasons why recent school experience was relevant. In the past 10 years, during which plaintiff had not been working for a school district, things had changed, such as "financing, MEAP, different governors, different funding from state, [and] different funding from the federal government." Defendant also argued that MLI was not acting as defendant's agent when it did not forward plaintiff's application.

Plaintiff argued that MLI was clearly acting as defendant's agent and knew her age from the date she graduated college, along with the fact that she told an MLI employee her age on the phone, and knew an employee of MLI personally. She also argued that the posting did not list "currently employed by a school district" as a criterion, even though it listed 27 other criteria. Therefore, it could not be the reason that her name was not forwarded for consideration. Plaintiff continued to argue that she was more qualified than were all the candidates forwarded to defendant, especially the candidate whom defendant hired.

The trial court declined to opine on whether MLI was acting as an agent of defendant when it did not forward plaintiff's application. The trial court found that MLI had articulated a rational reason to pass over plaintiff's application, "that being her lack of current academic leadership experience." The trial court held that summary disposition was appropriate because there was an "absence of any evidence that there were other considerations." Accordingly, the trial court granted defendant's motion for summary disposition. Plaintiff filed an unsuccessful motion for reconsideration, followed by this appeal.

## II. ANALYSIS

As an initial matter, we acknowledge defendant's argument that MLI was not acting as defendant's agent when it excluded plaintiff from the pool of candidates for defendant's consideration and, therefore, that it cannot be vicariously liable for MLI's recruitment decisions. The trial court declined to address this argument, proceeded by assuming without deciding that MLI was acting as an agent for defendant, and analyzed the merits of plaintiff's claim. We will do likewise.

Plaintiff first argues that the trial court erred in granting defendant's motion for summary disposition because defendant did not articulate a nondiscriminatory reason for taking an adverse employment action against her and that the criterion considering current employment by a school district was mere pretext. We disagree. This Court reviews de novo a trial court's ruling on a summary disposition motion. *Southfield Ed Ass'n v Bd of Ed of Southfield Public Sch*, 320 Mich App 353, 361; 909 NW2d 1 (2017).

Defendant brought its motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff failed to establish any evidence that age or race was a determining factor in the decision of MLI not to pass on plaintiff's application to defendant. "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5)." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. A motion for summary disposition based on the lack of a material factual dispute must be supported by documentary evidence. MCR 2.116(G)(3)(b); *Meyer v City of Center Line*, 242 Mich App 560, 574; 619 NW2d 182 (2000).

In support of its motion for summary disposition, defendant submitted the original posting, plaintiff's application, applications of the five candidates whom MLI passed on to defendant, and MLI's answers to plaintiff's interrogatories. Plaintiff submitted some of the same documents, along with inadmissible, self-created documents containing tables that compared her qualifications to those of the candidates forwarded for consideration by defendant.

Plaintiff brought her claim of race or age discrimination pursuant to MCL 37.2202(1)(a),[2] which provides:

> (1) An employer shall not do any of the following:

> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term,

---

[2] Plaintiff's complaint did not specify whether she was proceeding under state or federal law. During the hearing on defendant's motion for summary disposition, plaintiff claimed that she quoted MCL 37.2202 in her complaint and seemed to believe that it was clear that that was the statute under which she was proceeding. Plaintiff's response to defendant's motion for summary disposition and her brief on appeal cite MCL 37.2202 but rely primarily on federal caselaw.

condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

A plaintiff may prove unlawful discrimination based on direct evidence or indirect evidence. *Hazle v Ford*, 464 Mich 456, 462; 628 NW2d 515 (2001). Direct evidence is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id*. (quotation marks and citation omitted). Examples of direct evidence sufficient to advance a plaintiff's case to a jury are racial slurs by a decision maker, or evidence that managers disparaged and "pick[ed] on" older workers while giving preferential treatment to younger workers. See *Harrison v Olde Financial Corp*, 225 Mich App 601, 610; 572 NW2d 679 (1997); *Downey v Charlevoix Co Bd of Rd Comm'rs*, 227 Mich App 621, 716-717; 576 NW2d 712 (1998). Plaintiff does not allege, nor does the record show, any direct evidence of race or age discrimination.

Absent direct evidence of unlawful discrimination, plaintiffs must meet the requirements set forth in *McDonnell Douglas v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973). *Hazle*, 464 Mich at 462. First, the plaintiff must establish a prima facie case of discrimination. *Id*. at 463. To establish a prima facie case of discrimination, plaintiffs must show that (1) they are members of a protected class; (2) they were subject to an adverse employment action; (3) they were qualified for the position; and (4) they suffered the adverse employment action under circumstances that give rise to an inference of unlawful discrimination. *Wilcoxon v Minn Mining & Mfg Co.*, 235 Mich App 347, 360-361; 597 NW2d 250 (1999).

The parties do not dispute that plaintiff is a member of a protected class[3], that she suffered an adverse employment action when MLI did not forward her materials to defendant for consideration, or that she is qualified for the position. The dispute rests on the fourth element, namely, whether MLI failed to forward plaintiff's application to defendant under circumstances giving rise to an inference of unlawful discrimination. *Wilcoxon*, 235 Mich App at 361. To establish an inference of unlawful discrimination, plaintiff must present evidence that the employer's actions, if unexplained, "are more likely than not based on the consideration of impermissible factors." *Hazle*, 464 Mich at 470-471. "As a matter of law, an inference of unlawful discrimination does not arise merely because an employer has chosen between two qualified candidates." *Id*. at 471. "Under such a scenario, an equally—if not more—reasonable inference would be that the employer simply selected the candidate that it believed to be the most qualified for the position." *Id*.

---

[3] Plaintiff alleges that she falls into a protected class based on her age and her race, as she claims she was discriminated against because she is white. In *Lind v City of Battle Creek*, 470 Mich 230, 232; 681 NW2d 334 (2004), our Supreme Court held that "a claim of 'reverse discrimination' " need not satisfy different standards from those required of other claims of discrimination, as the statute provides that " ' [a]n employer shall not . . . discriminate against an individual with respect to employment . . . because of . . . race . . . . ' " "MCL 37.2202(1)(a) draws no distinctions between 'individual' plaintiffs on account of race" and thus, to do so would be "inconsistent with our Civil Rights Act." *Id*. at 232-233.

Plaintiff did not argue that the five candidates MLI forwarded to defendant were not qualified, only that she was more qualified. However, when it came to superintendent experience, plaintiff did not so outshine the selected candidates as to give rise to the inference that MLI excluded her from the hiring pool based on impermissible factors. One candidate had 13 years of superintendent experience compared to plaintiff's combined nine years of experience in both assistant superintendent and superintendent positions. Two other candidates had assistant superintendent experience, and another had five years of superintendent experience. Only one of the five-applicant pool members was without direct assistant superintendent or superintendent experience, but he had 15 consistent years of experience as principal of a high-achieving school. In addition, along with assistant superintendent experience, one of the candidates had served as a network executive officer, an executive leader of community engagement, and executive leader of educational transitions, while another, in addition to having five years' superintendent experience, was an adjunct professor for the Flint campus of University of Michigan. In situations such as this one, where there were multiple qualified candidates, it is equally, if not more reasonable to infer that MLI selected the candidates that it believed to be best qualified for the position of superintendent than that it excluded plaintiff from the candidate pool based on unlawful discrimination. See *Hazle*, 464 Mich at 470-471.

In addition, consideration of the applicants MLI forwarded to defendant does not give rise to an inference of unlawful discrimination because some of candidates were also members of the same protected class. See *Lytle v Malady*, 458 Mich 153, 184; 579 NW2d 906 (1998) (finding no evidence that gender was a factor in the plaintiff's discharge in part because some of those to whom her duties were redistributed were members of the same protected class). Two of the applicants MLI forwarded for consideration were in their 60s and one was Caucasian. Generally, an inference of discrimination cannot be made with circumstantial evidence where there was not disparate treatment for members of the protected class. See *id*. at 177 n 26. Disparate treatment requires a showing of either a pattern of intentional discrimination against protected individuals or disparate impact, which requires a showing that an otherwise facially neutral employment policy has a discriminatory effect on members of a protected class. *Id*. Neither circumstance is present here, where MLI forwarded members of the protected class for defendant's consideration.

In order to survive summary disposition, a plaintiff may not rest upon mere allegations, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Plaintiff has failed to set forth specific facts establishing that defendant's actions were likely based on impermissible factors. Candidates in the pool were qualified and some were members of the same protected class in regard to age and race as plaintiff. Thus, plaintiff has not established a prima facie case of discrimination. See *Hazle*, 464 Mich at 470-471.

Assuming for the sake of argument that plaintiff had presented evidence sufficient to give rise to a presumption of discrimination, defendant could rebut this presumption by articulating a "legitimate, nondiscriminatory reason for its employment decision." *Hazle*, 464 Mich at 464. If defendant makes such an articulation, "the presumption created by the *McDonnell Douglas* prima facie case drops away." *Id*. at 465. In this case, MLI responded to an interrogatory that it based its decision not to forward plaintiff's application to defendant on plaintiff's "disclosed credentials." Plaintiff's application materials showed that, while she had extensive and varied

experience in educational leadership positions, she had not been employed by a school district for a decade and she had not had employment as an assistant superintendent or superintendent in nearly two decades. In addition, she disclosed in her application that she left her last superintendent position pursuant to a buyout agreement reached after she and the board began to differ philosophically.[4] By contrast, all of the qualified candidates whom MLI forwarded to defendant for consideration were not only qualified, but they also had extremely recent or current employment in leadership positions in school districts. Our task is not to second-guess whether MLI's decision was "wise, shrewd, prudent, or competent," *Town v Mich Bell Tel Co*, 455 Mich 688, 704; 568 NW2d 64 (1997) (quotation marks and citation omitted), but to focus on whether the decision was lawful, that is, one that is not motivated by a "discriminatory animus." *Hazle*, 464 Mich at 476 (quotation marks and citation omitted). Under these circumstances, we cannot say that MLI failed to offer a legitimate, non-discriminatory reason for its decision to exclude plaintiff's application from those forwarded to defendant. Thus, even if plaintiff had established a prima facie case of race or age discrimination that gave rise to a presumption of discrimination, defendant rebutted this presumption by articulating a legitimate, nondiscriminatory reason for the employment decision at issue. See *Id*. at 464-465.

Defendant having rebutted the presumption of discrimination, the burden would have shifted again to plaintiff. *Id*. at 465. To survive summary disposition, plaintiff would have had to demonstrate that MLI's reason was a pretext and that the evidence, construed in her favor, was " 'sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken . . . .' " *Id*. at 465, quoting *Lytle*, 458 Mich at 176). In other words, plaintiff would have had to do more than "raise a triable issue that the employer's proffered reason was pretextual"; she would have had to show "that it was a pretext" for age or race discrimination. See *Lytle*, 458 Mich at 176. Plaintiff fails to meet this burden.

Plaintiff argues that summary disposition was improper because there remain two genuine issues of material fact that a jury should resolve. The first involves the job posting requirements. Plaintiff observes that the job posting did not list current employment in a school district as a criterion for the superintendent's position and argues therefrom that MLI's exclusion of her from the five-candidate hiring pool on the ground that she currently was not employed by a school district was a pretext for race and age discrimination. However, given that MLI included in the hiring pool candidates who were of the same race as plaintiff, who were members of the same protected class, and who were currently or recently employed in school districts, it seems unlikely that excluding plaintiff based on her lack of current or recent employment in a school district was pretextual for unlawful discrimination. Further, plaintiff cites no authority obligating an employer to make sorting and hiring decisions based only on criteria included in a job posting. In a claim of unlawful discrimination, the issue is the employer's motivation and intent, not its business judgment. There is no prohibition against employers considering any lawful, relevant factor not listed in the job posting when making an employment decision. As

---

[4] Plaintiff served as superintendent in Falls Church, Virginia, and noted in her application and at oral argument that she also wanted to return to Michigan for family reasons.

long as the criteria considered are lawful, courts must not second-guess whether an employment decision was "wise, shrewd, prudent, or competent." *Town*, 455 Mich at 704.

Finally, plaintiff contends that a genuine issue of material fact remains regarding comparison of her credentials with those of the ultimately successful candidate. Plaintiff is incorrect; comparisons between her qualifications and those of the candidate defendant hired are immaterial to the case at hand. Plaintiff alleged that MLI, as plaintiff's agent, excluded her from the candidate pool because of her race or age. Which candidate defendant ultimately hired out of a qualified pool that did not include her is not relevant to a claim arising from her not being included in that pool in the first place. In conclusion, not only has plaintiff failed to make a prima facie case for unlawful discrimination, but assuming for the sake of argument that she had, she failed to show that MLI's legitimate and non-discriminatory reason for its sorting decision was a pretext for race or age discrimination. Therefore, we hold that the trial court properly granted summary disposition.

Affirmed.


/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause